UNITED STATES *ex rel.* FIELD *v.* TOWNSHIP OF OSWEGO, LABETTE Co.

*(Circuit Court, D. Kansas.* June 10, 1886.)

1. MUNICIPAL CORPORATIONS—BONDS—MANDAMUS—JUDGMENT—SATISFACTION.
   A writ of *mandamus* to enforce collection of judgment against a municipality on its bonds is in the nature of, and is legally equivalent to, the statutory writ of execution.
2. SAME—STATUTE OF LIMITATIONS.
   The right to prosecute the writ for such a purpose is limited to the same period of time within which execution may be sued out on a judgment against individuals.[1]

Motion to Quash Writ of *Mandamus.*
*S. E. Brown,* for plaintiff.
*Perkins & Morrison,* for defendant.

BREWER, J.  These are judgments rendered on township bonds 10 years ago.  The last proceedings upon these judgments were in 1878, and they were *mandamus* proceedings against the township officers. Thereafter, from 1878 until 1885, more than six years, the plaintiffs and relators took no action thereon.  Last fall an alternative writ was sued out against the county commissioners of the county of Labette. The question is whether those judgments were alive, so that any proceeding could be had to enforce them.  It is settled in this state, both by statute and decisions, that a judgment becomes dormant in five years, and that an execution issued thereafter is absolutely void.  It is true that the statute provides that no execution shall issue against a county, but the proceeding by *mandamus* is one in the nature of an execution for enforcing the collection of judgments against a municipality.  I think, by all fair analogies, the same rule applies; and if a party holding a judgment against a municipality permits it to stand, without any effort to collect it by *mandamus* proceedings, for five years, the judgment becomes dormant, and there must be a revivor, which can only be had within a year, before any process can be obtained on that judgment.  I cannot think it possible that the legislature, by taking away the right to issue execution against the county, meant that a judgment against a county should remain in

[1] For a full discussion of the question of the statute of limitations, when it begins to run, etc., see King Iron Bridge & Manuf'g Co. v. County of Otoe, 27 Fed. Rep. 800, and note, 801–807; and Barden v. City of Duluth, *ante,* 14.

force indefinitely. It has provided that the judgment should be paid by taxes, and the taxes enforced by *mandamus*. The *mandamus* is the equivalent of an execution, and the same rule must obtain as to all judgments which are permitted to stand for five years without process. They become dormant.

The motion to quash will be sustained, and counsel can note an exception to the order.