J. B. BEADLES v. A. F. SMYSER, *Mayor of the City of Perry. et al.*

(Filed September 5, 1906.)

1. JUDGMENT AGAINST CITY OF FIRST CLASS—Execution. In the absence of statutory inhibition, an ordinary execution may issue on a judgment against a city of the first class, and, while on the ground of public policy, it cannot be levied on any of the general revenues of the city, either before or after they are collected, or upon any property either real or personal, which is reasonably necessary for government purposes, still, if any property can be found which is not reasonably necessary for the public welfare, and which is held by the city as private property for its benefit, it may be levied upon and sold to satisfy an execution.

2. SAME—Statute of Limitations. Under section 4337 of the statutes of Oklahoma of 1893, which provides that, "if execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this territory, or if five years shall have intervened between the date of the last execution issued on such judgment and the time, of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor," a judgment against a city of the first class becomes dormant after five years from the date of its rendition, unless the judgment creditor, within such time, causes execution to issue thereon.

3. SAME—Same—Mandamus. Where a judgment creditor fails to have execution issued within five years on a judgment against

a city of the first class, and also fails to revive such judgment within one year after it becomes dormant. it will be treated as barred by the statute of limitation, and the courts will deny the aid of mandamus to compel payment of the same.

4. SAME—Same—Resolution of City Council. An agreement between practically all of the judgment creditors of a city, that such city shall pay such creditors in the order of priority of the date thereof, instead of paying such judgment creditors their pro rata shares, and a resolution of a city council which refers to such agreement and orders the city treasurer to pay such judgments according to such contract, do not change the legal status of the city toward any of such creditors, nor do they excuse any judgment creditor from suing out an execution within five years of the date his judgment was rendered, or from securing a revivor of his judgment within one year after it became dormant.

(Syllabus by the Court.)

*Error from the District Court of Noble county; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* and *Dale & Bierer,* for plaintiff in error.

*A. N. Whiteside,* for defendant in error.

Opinion of the court by

Burwell, J.: This is an action of mandamus commenced by the plaintiff to compel the officers of the city of Perry to take steps looking toward the payment of some thirty-two judgments against that city which amount in all to something over sixteen thousand dollars. All of these judgments were rendered more than six years prior to the commencement of this action, and are now owned by the plaintiff. No execution was ever issued on any of these judgments, nor have any of them been revived under the statute. The answer pleads the statute of limitation, and this is really the only question involved in the case.

It is contended by the defendant that under section 4337 of the Statutes of Oklahoma of 1893, the judgments involved in this action are dormant. It provides as follows:

"If the execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this territory, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment· shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

The court had occasion to construe this identical statute in the case of *J. B. Beadles v. W. R. Fry, City Treasurer of the City of Perry, et al.* 15 Okla, P..428; and it was therein held that this statute of limitation would run in favor of a city of the first class on a judgment against it unless the judgment creditor sue out an execution within five years from the date of its rendition. It was also stated in that opinion that:

"Where a judgment creditor fails to have execution issued within five years on a judgment against a city of the first class, and also fails to revive such judgment within one year after it becomes dormant, it will be treated as barred by the statute of limitation, and the courts will deny the aid of mandamus to compel payment of the same."

In that case as in this the plaintiff contended that the city council had passed a resolution approving an agreement entered into by all of the judgment creditors of the city, to the effect that all judgments should be paid in the order of their rendition. It is insisted that this contract and resolution took the judgments in question out of the statute of limitation, even if such statute would run in favor of a city which plaintiff denies. All of these questions were decided against the contentions of the plaintiff in the case referred to.

These and other questions were fully discussed in that opinion. The two cases involves exactly the same questions, and upon that authority the judgment of the lower court is hereby affirmed, at the cost of the appellant.

Hainer, J., who presided in the court below, not sitting: Pancoast, J., not sitting; all the other Justices concurring.