# BEADLES *v.* SMYSER, MAYOR OF THE CITY OF PERRY, OKLAHOMA.

## ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 150. Argued March 4, 1908.—Decided April 6, 1908.

While this court cannot review judgments of the Supreme Court of the Territory of Oklahoma unless the amount involved exceeds $5,000, where the judgment also directly involves the validity of other judgments the amount in controversy may be measured by the aggregate of such judg-- ments.

The principles of right and justice upon which the doctrine of estoppel *in pais* rests, are applicable to municipal corporations.

Where public property of a municipality cannot be seized on execution and the municipality enters into a valid agreement with judgment creditors to apply the judgment fund to judgments in order of entry and complies therewith, it cannot, after the expiration of the statutory period when a judgment becomes dormant for failure to issue execution, plead the statute of limitations as a bar to those judgments not yet reached for payment under the agreement. The municipality is estopped both on the contract and on the ground of equitable estoppel, and so *held* as to judgments against a city in Oklahoma.

17 Oklahoma, 162, reversed.

.THE facts are stated in the opinion.

*Mr. A. G. C. Bierer,* with whom *Mr. S. H. Harris* and *Mr. Frank Dale* were on the briefs, for plaintiff in error and appellant:

The action being in mandamus to compel a city to recognize the validity of plaintiff's judgments and to pay out the moneys already accrued in the judgment fund upon these judgments, and to continue to make levies to enforce the same, the statutory period of limitation fixed by law for civil actions does not run against the relief asked. *Duke, Mayor, et al.* v. *Turner et al.,* 204 U. S. 623.

The section of the Oklahoma statute permitting the enforcement of a judgment by execution and providing for the dormancy of such judgment if execution is not issued within five years, has no application to judgments against municipalities in this Territory which are collectible only by the levy of taxes which are required by the law to be made to create a judgment fund out of which to pay such judgments.

The cases of *Hart* v. *City of New Orleans*, 12 Fed. Rep. 292; *State ex rel. Courter* v. *Buckles*, 35 N. E. Rep. 846; *Laredo* v. *Benavides*, 25 S. W. Rep. 482, cited by Supreme Court of Oklahoma, reviewed and distinguished from the case at bar.

Oklahoma law provides for collecting judgments by tax instead of execution.

That it is and has been throughout the life of all these judgments the duty of the city of Perry to make a levy of five mills on the dollar to provide a fund with which to pay these judgments is clearly declared by our statute. Sec. 1, art. 5, p. 83, Statutes of 1897; Session Laws of 1899, § 1, c. 8, p. 103; Wilson's Stat. of 1903, § 466.

The cases cited by the Oklahoma Supreme Court in the cases of *Beadles* v. *Fry*, 15 Oklahoma, 423, are inapplicable to the facts in the case at bar. *Newton* v. *Arthur*, 55 Pac. Rep. 446; *Israel* v. *Nichols*, 14 Pac. Rep. 438; *Brockway* v. *Oswego Township*, 4 Pac. Rep. 79; and *Baker* v. *Hummer*, 2 Pac. Rep. 808, discussed and distinguished.

Statutes of limitation do not run against municipal obligations of the character of judgments in Oklahoma. *Barnes* v. *Turner*, 14 Oklahoma, 284; *Freehill* v. *Porter*, 4 Pac. Rep. 646; *Lincoln Co.* v. *Luning*, 133 U. S. 529.

The placing of the obligations in question into judgments which are to be paid out of the judgment fund of the city, does not in any way affect the principles applied in the *Barnes* or *Duke* v. *Turner case*. *United States* v. *County of Macon*, 99 U. S. 582; *A., T. & S. F. Ry. Co.* v. *Territory of New Mexico*, 72 Pac. Rep. 14; *Darcy* v. *Mumpford*, 58 Georgia, 119; *United States ex rel. Field* v. *Township of Oswego*, 28 Fed. Rep. 55.

The city of Perry recognized these judgments as valid judgments and continued to levy taxes to provide money in the judgment fund to pay these judgments, and mandamus, which is the only execution against a municipality, could not have issued until the city refused to recognize and pay the judgments in 1905. *Alter* v. *State*, 86 N. W. Rep. 1080.

The city of Perry having ratified and approved the agreement among the judgment creditors to pay these judgments in their order of rendition, and having carried out this agreement in the levy of taxes and the payment out of the judgment fund of these tax moneys for all these years, should now be held to be estopped from pleading the dormancy of these judgments even if otherwise they could have become dormant.

*Mr. A. N. Whiteside* and *Mr. H. B. Martin*, for defendants in error and appellees, submitted:

This court has no jurisdiction of this action, because the amount involved is less than $5,000.00.

If the validity of plaintiff's judgments were conceded, the only cause of action appearing upon the face of the alternative writ is against Fry, the treasurer of the city, and that said cause of action cannot involve more than the amount of money in the hands of the treasurer, which is less than the amount necessary to give this court jurisdiction of the subject-matter of the action.

A judgment against a city of the first class under the statutes of Oklahoma becomes dormant after five years from the date of its rendition if execution shall not be sued out within that time and such judgment cannot be revived without the consent of the judgment debtor unless it be revived within one year from the time it becomes dormant. Section 4337, statutes of Oklahoma, 1893; *Lafayette County* v. *Wonderly*, 92 Fed. Rep. 313; *Beadles* v. *Fry*, 82 Pac. Rep. 1041, and cases cited; Statutes of Oklahoma, 1893, §§ 4325 and 4332 All these statutes were adopted from the State of Kansas, whose courts have frequently construed them as we contend they

should be.  See *Angell* v. *Martin*, 24 Kansas, 334; *Myers* v. *Kotham*, 29 Kansas, 19; *Tefft* v. *Citizens' Bank*, 36 Kansas, 457; *Mawhinney* v. *Doane*, 40 Kansas, 681; *Tibbetts* v. *Deck*, 41 Kansas, 492; *Bradford* v. *Loan Co.*, 47 Kansas, 587; *Raff* v. *State*, 48 Kansas, 45; *Railroad Co.* v. *Butts*, 55 Kansas, 661; *New Hampshire Bank Company* v. *Ball*, 57 Kansas, 812; *Reeves* v. *Long*, 63 Kansas, 700; *Steinback* v. *Murphy*, 70 Kansas, 487.

As to the necessity of reviving judgments against municipal corporations within the statutory periods of time, see *Brockway* v. *Oswego Township*, 4 Pac. Rep. 79; *Ware* v. *Pleasant Grove Township*, 59 Pac. Rep. 1089; *City of Chanute* v. *Trader*, 132 U. S. 210; *Field* v. *Township of Oswego*, 28 Fed. Rep. 55; *Coulan* v. *Doull*, 133 U. S. 596; *M'Aleer* v. *Clay Co.*, 42 Fed. Rep. 665; *Lafayette Co.* v. *Wonderly*, 92 Fed. Rep. 313.

MR. JUSTICE DAY delivered the opinion of the court.

This is a proceeding to review the judgment of the Supreme Court of the Territory of Oklahoma, affirming the judgment of the District Court of Noble County in that Territory, denying a peremptory writ of mandamus to the plaintiff in error, also plaintiff below, seeking to compel the recognition of certain judgments and the levy of taxes by the city officers of the city of Perry, a city of the first class, in Noble County.  The action was begun March 12, 1906, in the District Court upon a petition, which set forth the ownership in the plaintiff of judgments against the city of Perry, rendered, with two exceptions, in the year 1898; the other two rendered in January and March, 1899, and aggregating the sum of $16,304.51, including interest and costs.

The petition avers that these judgments were rendered on warrants issued by the city of Perry upon the general fund of the city; that no funds having been provided for the payment of plaintiff's and certain other judgments, on December 3, 1901, the judgment creditors of the city entered into an

agreement with the city treasurer of the city by signing a certain paper writing, to wit:

"I, the undersigned, judgment creditor, holding judgment against the city of Perry, Noble County, Oklahoma Territory, hereby ask that the city treasurer pay all judgments against the city of Perry in order of rendition, hereby waiving right to payment *pro rata*, if such right exists, and this waiver shall apply to all grantees and assigns. Said judgments are in amounts and dates as follows:" [Here follows a list of the judgments.]

At that time the outstanding unpaid judgment indebtedness of the city of Perry amounted to $22,000, all of the owners of which, excepting the sum of $4,000, signed the agreement; that the waivers thus signed were presented to the city council of the city, which adopted the following resolution:

"Whereas, the judgment creditors holding judgments against the city of Perry have practically all signed written waivers of the right, if such right exists, to payment of said judgments *pro rata*, and therein consent to the payment of said judgments in the order of their rendition against said city: ..

"Therefore, be it resolved, That the city treasurer is hereby authorized and directed to pay the said judgments existing against the city of Perry in the order of their rendition out of the funds now on hand and as they shall accrue in the judgment fund."

That thereafter the city treasurer followed the plan thus outlined of paying judgments up to the early part of the year 1905, and the judgments prior to those sued upon by the plaintiff were paid off in that way. And it is averred that under the laws of the Territory of Oklahoma a judgment fund must be created to satisfy a judgment against a municipality, and a judgment of that kind can be paid in no other way. And that under the laws of Oklahoma no execution can be levied upon a judgment against the municipality, and that during the time since the rendition of the judgments the city of Perry

has had no property subject to levy upon execution, and that the judgments of the plaintiff could not have been paid, and taxes levied for that purpose, because there had not been sufficient money in the judgment fund of the city of Perry to pay the judgments or any part thereof. That under the agreement of December 3, 1901, payments of judgments against the city have been made, but in the order of rendition the fund has been paid upon judgments prior to the plaintiffs. That under the law of the Territory, during the life of the said judgments, at least since the year 1899, it has been the duty of the city of Perry to levy annually a tax not to exceed five mills on the dollar on all the property of the said city, to create a judgment fund, and that said city has made said levy annually, and paid judgments down to the early part of 1905, since which time the city treasurer of the city of Perry, under the direction of the mayor and city council, has declined to pay the plaintiff's judgments or any proportion of the same, and that there has accumulated in the hands of the city treasurer $2,286.96, the judgment fund of said city. And that at all times down to the beginning of the year 1905 the city of Perry has recognized the binding force and validity of said judgments; that the mayor and council and treasurer of said city decline and refuse to recognize the validity of the plaintiff's judgments or pay any part thereof, and deny any liability thereon, solely on the ground that the same have become dormant and barred by the statute of limitations of the Territory of Oklahoma. And other averments are made as to the inability of the plaintiff to otherwise collect their money upon the judgments than by payment by a levy at five mills on the dollar of the taxable property of the city. And the plaintiff prayed a writ of mandamus against the mayor, city council and treasurer of said city, commanding them to recognize the said judgments and to continue to make the five-mill levy allowed by the law for the judgment fund for the payment of said judgments against the city, as provided by law.

An alternate writ of mandamus was issued, reciting the al-

legations of the petition, to which the defendant filed an amended answer, in which they set up that each and all of the judgments set out in the alternate writ of mandamus have become dormant because no execution was issued on any of said judgments, and no proceeding begun for the revival of any of them and the same were barred by the statute of limitations of the Territory.

The plaintiff filed a motion for judgment upon the amended answer and prayed the issuance of a peremptory writ of mandamus upon the ground that the amended answer failed to state any legal reason why said peremptory writ should not be issued. The defendant moved the court for judgment on the pleadings, on the ground that all the judgments were barred by the statute of limitations. The court sustained the motion of the defendant and entered final judgment in the defendant's favor, upon the ground that all the judgments set out in the alternate writ of mandamus have become dormant and are barred by the statute of limitations.

Upon proceedings in error in the Supreme Court of the Territory of Oklahoma this judgment was affirmed on the authority of *Beadles* v. *Fry*, 15 Oklahoma, 428. The present case is reported, 17 Oklahoma, 162.

The question is first made as to the jurisdiction of this court, because it is averred that the sum of $5,000 is not involved, but we are of the opinion that the issue made and decided involved the validity of the $16,000 and upwards, of judgments described in the petition and amended writ. The prayer of the petitioner was for a continuous levy of taxes for the amount permitted by law to be applied in payment of the judgments. The answer set up that all the judgments were barred by the statute of limitations, and the District Court of Noble County determined that the judgments and each and all of them set out in the petition and alternate writ of mandamus had become dormant and were barred by the statute of limitations. This judgment was affirmed by the Supreme Court of Oklahoma.

Appeals and writs of error are allowed from the Supreme Court of Oklahoma to this court where the value of the property or the amount in controversy, to. be ascertained by the affidavit of either party or other competent witness, exceeds $5,000: Supplement U. S. Revised Stats. vol. 1, p. 724.

We think the judgment in this case involves the validity of all the plaintiff's judgments, and that the amount in controversy is not simply the fund in the hands of the treasurer, but the amount of all the judgments concerning which relief was sought and which were directly adjudicated to be barred by the statute of limitations.

The question made in the case is whether the judgments are dormant by the statute of limitations of the Territory of Oklahoma or failure to issue execution thereon for the period of five years, and because the same were not revived within one year after they became dormant. The statutes of Oklahoma in 2 Wilson's Statutes of 1903, provide as follows:

Section 4635. "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this Territory, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

Section 4623 is as follows:

"An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor unless in one year from the time it could have been first made."

And section 4630 provides:

"If a judgment becomes dormant it may be revived in the same manner as prescribed for reviving actions before judgment."

It is contended by the counsel for the appellant that this case is governed by the ruling of this court in *Duke, Mayor*

&c. v. *Turner and others*, 204 U. S. 623. We are of opinion
that the question here involved was not determined in that
case. There was no question of a judgment becoming dor-
mant under the statute of limitations for want of execution
within five years. The point decided in that case was that
the petition for mandamus was not a civil action within the
meaning of the Oklahoma Code, barred by the three-year
statute of limitations, and the question was whether the re-
lator had slept upon his rights for such an unreasonable time
as to prejudice the rights of the defendant and preclude re-
lief by mandamus. In this case the underlying question is
not as to whether a writ of mandamus is the proper remedy,
but is, whether the judgment is dormant by reason of the stat-
ute of limitations and incapable of being enforced against the
municipality.

The Supreme Court of Oklahoma held that the statute
made no exception, and that notwithstanding the averment
of the petition that the city of Perry had no property liable to
be reached on execution, that unless execution were issued
within the five years, or the judgment revived within one year,
it had become dormant for failure to comply with the law.

There is some difference of view in the opinion of the courts
upon the subject of executions against municipalities, and in
some of them it is held that property of a municipality may be
reached on execution which is held for profit and not charged
with any public trust or use. It was held in this court that
the public property of a municipal corporation cannot be
seized upon execution. *Klein* v. *New Orleans*, 99 U. S. 149.

Judge Dillon, in his work on Municipal Corporations (4th ed.)
notices the differences of ruling on the subject, and states as
his own conclusion § 576:

"On principle, in the absence of statutable provision, or
legislative policy in the particular State, it would seem to be
a sound view to hold that the right to contract and the power
to be sued give to the creditor a right to recover judgment;
that judgment should be enforceable by execution against the

strictly private property of the corporation, but not against any property owned or used by the corporation for public purposes, such as public buildings, hospitals and cemeteries; fire engines and apparatus, waterworks, and the like; and that judgments should not be deemed liens upon real property except when it may be taken in execution."

Accepting the decision of the Supreme Court of Oklahoma, rendered in 15 Oklahoma, *supra,* construing the statute so as to permit the issuance of execution against the municipality, with the right to levy upon the private property of the corporation if it has any, could the city take advantage of the failure to issue execution under the circumstances shown in this case? This subject was briefly disposed of in the opinion in that court, and of it the learned court said (15 Oklahoma, 436):

"It is alleged that this agreement and resolution of the city council prevented the running of the statutes. This resolution was passed at a time when the plaintiff's judgments were in full force and effect. The city council did not attempt to renew its liability on these judgments. Without expressing our views as to whether such judgments should be paid *pro rata,* or in order of priority as to date, we are of the opinion that the council could not change the law, and if the resolution purported to change it, it would be void; and if it was in conformity with the law it would not change the relation of the parties."

That the principles of right and justice, upon which the doctrine of estoppel *in pais* rest, are applicable to municipal corporations, is recognized by textwriters and in well-considered cases. In 1 Dillon on Municipal Corporations (4th ed.), in a note to § 417, that learned author says:

"Any positive acts (*infra vires*) by municipal officers which may have induced the action of the adverse party, and where it would be inequitable to permit the corporation to stultify itself, by retracting what its officers had done, will work an estoppel."

And this case does not rest on the ground of equitable es-

toppel alone. The manner of liquidation of these judgments was the subject of express contract between the parties.

In the present case, by the action of the city council, the judgment creditors were so placed that during the time, at least while the city council were carrying out the arrangement of December 3, 1901, in good faith, they could not consistently with fair dealing and the terms of the contract on their part, issue an execution to seize the property of the municipality; had they undertaken to do so a court of equity would have promptly restrained such proceedings.

.It is averred, and not denied, that up until the year 1905 the city council made a levy each year for the largest amount which the statute permitted, to create a judgment fund out of which to pay, and out of which was regularly paid, the outstanding judgments against the city, and that these payments continued until the plaintiff's judgments were reached, which were next in order. While thus acting to the limit to which the law permitted, and in good faith carrying out the arrangement between the parties, it is perfectly apparent that the plaintiff was not in a position to seize by execution any property of the municipality

If it could be held, as the authorities indicate (2 Dillon on Municip. Corp., 4th ed., § 850, note 1), that when execution cannot be issued on a judgment against a municipality, mandamus may take its place, the action of the city council in making the arrangement in question would have equally prevented the plaintiffs from availing themselves of that writ:

In this case the agreement made by the parties in December, 1901, was being continuously carried out until 1905. And during that time the city of Perry was doing all it could be compelled by mandamus to do in levying taxes to the full amount required by law for the payment of judgments against the city. The court would have no power by mandamus to compel the levy of taxes which the law did not authorize. *United States* v. *Macon County Court,* 99 U. S. 582.

As we have said, the principles of natural justice and fair

dealing are alike applicable to municipal corporations as to
individuals, and to permit the city to escape the payment of
judgments, whose validity is not otherwise questioned, for
failure to issue execution or sue out a writ of mandamus dur-
ing the time when the action of the city officers was such as
to prevent the exercise of the right, would be to permit the
action of the representatives of the city, who have had the
benefit of the contract during the time both parties were ob-
serving its obligations, to work a gross injustice upon the cred-
itors holding valid judgments against the municipality.

. We have been referred to no case precisely in point. Anal-
ogous cases are not altogether wanting. In *Mercantile Trust
Co.* v. *St. L. & S. F. Rwy.*, 69 Fed. Rep. 193, it was held that
a stay of execution in the record prevented the judgment be-
coming dormant. In *Marshall* v. *Minter*, 43 Mississippi, 678,
it was held that the statute did not run during the time an
injunction was in force, sued out by the adverse party and
afterwards dissolved.

It is not argued at the bar in this case that the arrangement
with the judgment creditors was void for want of power in
the municipality to make the arrangement of December, 1901,
and we fail to see any valid reason why the municipality might
not enter into this arrangement. It was permitted by law
to make an annual levy of five mills on the dollar. 1 Wilson's
Statutes, 1903, § 466. If the judgment creditors and the
municipality saw fit to make an arrangement by which the
amount of this annual levy might be distributed by the con-
sent of the creditors among them in accordance with the
priority of their judgments, we perceive no reason why this
may not be legally done. The effect of this arrangement was
to prevent the judgment creditor from taking such steps as
the law permitted to collect his judgment, and, upon princi-
ples of common right and justice, it would not do to permit the
city to carry out such an arrangement during nearly all the
five years' period, and then meet its obligation by a plea of
the statute of limitations upon the ground that the judgments

had become dormant, while both parties were recognizing their binding obl'gation and doing all that the law permitted, to effect their satisfaction, and had entered into a contract which prevented the judgment creditors from taking steps to avail themselves of their right to collect their judgments by execution or by writ of mandamus.

For these reasons the judgment of the Supreme Court of Oklahoma Territory is

> *Reversed, and the cause remanded to the Supreme Court of the State of Ok'ahoma for further proceedings in accordance with this opinion.*