WENNER, *Treasurer of Board of Education,* v. BOARD OF EDUCATION OF CITY OF PERRY.

No. 110.   Opinion Filed January 11, 1910.

(106 Pac. 821.)

1. **MANDAMUS—Issuance of Writ by Judge—Formal Requisites.** Section 10, art. 7, of the Constitution of Oklahoma (Snyder's Const., p. 218) authorizes the issuance of a writ of mandamus by a judge of a district court, and where such writ is allowed, signed, and so issued, the same is not invalid by reason of the fact that it was not issued by the clerk of the court, or that it did not bear either his signature or attestation or the seal of the court.

2. **JUDGMENT—Dormant Judgments — Judgments Against School Districts.** Section 437, art. 20. c. 66 (section 4635), Wilson's Rev. & Ann. St. Okla. 1903, providing that a judgment shall become dormant if execution be not sued out thereon within five years, is applicable to judgments against school districts notwithstanding section 68, art. 3, c. 77 (section 6196), same statutes, provides that the district board shall levy a tax for the payment thereof, and no execution shall issue thereon; this for the reason that a writ of mandamus to enforce payment in such case is the legal equivalent to the statutory writ of execution.

3. **MANDAMUS—Limitations — Payment of Judgment by School District.** The right to prosecute the writ for such a purpose is limited to the same period of time within which execution may be sued out on a judgment against individuals.

(Syllabus by the Court.)

*Error from District Court, Noble County; W. M. Bowles, Judge.*

Action by the Board of Education of the City of Perry against Charles L. Wenner, Treasurer of the Board of Educa-

iton of the City of Perry. Judgment for plaintiff, and defendant brings error. Affirmed.

*Devereux & Hildreth,* for plaintiff in error.—Citing: *State v. Jefferson,* 11 Kan. 71; *State v. King,* 29 Kan. 614; *Dexter v. Cochran,* 17 Kan. 447; *Lindsay v. Comm'rs,* 56 Kan. 630; Wilson's Rev. & Ann. St. 1903, § 4259; *Lincoln Co. v. Lunning,* 133 U. S. 529; *Barnes v. Turner,* 14 Okla. 284; *Board of Com'rs v. Clark,* 12 Okla. 197; *State v. Royse,* 91 N. W. 560; *U. S. v. Macon County,* 99 U. S. 582; *Hubbell v. City of South Hutchinson,* 64 Kan. 645.

*A. N. Whiteside* and *L. B. Robinson,* for defendant in error. —Citing: *City of Chanute v. Frazer,* 132 U. S. 345; *Beadles v. Smyser* (Okla.) 82 Pac. 1041; *U. S. v. Oswego Twp.,* 28 Fed. 55; *Dempsey v. Oswego Twp.,* 51 Fed. 97; *Lafayette Co. v. Wonderly,* 92 Fed. 313; *Miller & Co. v. Melone* (Okla.) 56 L. R. A. 620; *Beadles v. Fry,* 15 Okla. 423; *Duke v. Turner,* 204 U. S. 623.

DUNN, J. On February 10, 1908, the board of education of the city of Perry, defendant in error, brought its action in the district court of Noble county, against Charles L. Wenner, treasurer of the said board, in which it prayed an alternative writ of mandamus to issue against the treasurer to require him to pay certain judgments which were set out in detail in the petition and writ. On March 2, 1908, the defendant filed his answer and return to the writ, in which he admitted the averments set forth in the petition and pleaded in addition thereto that there were numerous judgments against the plaintiff in addition to those set out in the writ; these defendant set forth in an exhibit attached to his answer, in which exhibit the amount of the judgments, the date of rendition, and the party in whose favor they were rendered, were all given. He then pleaded that no execution had been issued on them and no proceeding had been taken to revive the same since the date of their rendition, but he averred on information and belief that the same were valid, existing judgments against the board of education of the city, and for ground

of not complying with the alternative writ of mandamus set out that he had not disbursed the funds then in his hands belonging to the judgment fund of plaintiff for the reason that he had been ordered and directed not to apply any of the same upon the judgments referred to in his answer. He further set forth that since the rendition of the judgments set out in his answer, the plaintiff had caused a levy to be made each year for its judgment fund up to the full amount allowed by law, and at no time since the rendition of the judgments had respondent as treasurer of the board, had in his hands, nor had his predecessor had sufficient funds available to pay the judgments referred to in the exhibit to his answer, or any part thereof, and that he is advised and believes that should he disburse the money in his hands to pay the judgments set out in plaintiffs petition for mandamus, and apply none of it to the judgments set out in his exhibit, that he would be liable on his official bond to the holders of the latter judgments for the amounts so disbursed. The record shows that the judgments which plaintiff seeks to have paid were valid existing judgments against the district. The judgments set forth in this exhibit, and which his counsel contend should receive recognition equally with the others, are by the record shown and by counsel conceded to be dormant if the statute on that subject is applicable to judgments against school districts. After a motion to quash was overruled, the case was tried on an agreed statement.

Counsel insist that the alternative writ of mandamus served in this case was void and should have been quashed on their motion. The record shows that the writ was signed by the judge of the district court and by him issued. The clerk did not attest the signature of the judge nor place upon the writ the seal of the court, nor did he in any way sign or issue it. Counsel for defendant in error insist that this point has been waived and is not available to the plaintiff in error for the reason that the defendant, after the overruling of the motion to quash, participated in the trial of the cause on its merits. On this point we are not able to agree with the counsel for defendant in error, but hold

that where a defendant enters a special appearance, as was done in the case at bar, and moves to quash an alternative writ of mandamus for any cause going to the jurisdiction of the court over his person, on the overruling of such motion with an exception duly saved, he will not waive the point by entering into and participating in the trial of the case on its merits. The question then arises, may a judge of the district court allow and issue a writ of mandamus without the intervention of the clerk, and will it be valid although it contains neither the attestation nor signature of the clerk nor the seal of the district court. Section 10, art. 7, Const. (Snyder's Const., p. 218), provides that the writ of mandamus may be issued by the district court or any judge thereof. Section 691, art. 33, c. 66 (section 4889), Wilson's Rev. & Ann. St. Okla. 1903 provides that the allowance of the writ must be indorsed thereon, signed by the judge of the court granting it, etc. There is no section of the statute specifically requiring the same to be issued as a summons bearing the signature of the clerk and the seal of the court and while, as is argued by counsel, the writ in fact takes the place of the summons in a civil action, in that it is the method adopted to secure jurisdiction of the person, neither the Constitution nor the statute makes of it a summons or requires the formalities suggested. Section 690, art. 33, c. 66 (section 4888), Wilson's Rev. Ann. St. Okla. 1903, provides in substance that a court may require a notice of the application for the writ to be given to the adverse party or that it may grant an order to show cause why it should not be allowed, etc. This statute manifestly is intended to give to the defendant an opportunity to show cause in the first instance why the writ should not issue, and this notice it is held by the Supreme Court in Massachusetts may be granted by the court and heard in any county, and that it was not such a writ or process as was required to have a teste and be under the seal of the court. *Taylor v. Henry,* 2 Pick. (Mass.) 397.

Another case in which the question seems to have been considered is from the the Supreme Court of Dakota Territory. *Territory ex rel. Eisenmann v. Shearer,* 2 Dak. 332, 8 N. W. 135.

The authority conferred by the statute in that territory on this proposition was very similar to that vested in district judges by our Constitution in that it was provided that writs of mandamus may be "issued by a judge of the district court in vacation, and when issued by a judge of the district court may be made returnable and a hearing thereon be had in vacation," etc. It will be noticed that in each the judge of the district court is authorized to issue a writ of mandamus. Authority to do this as a judge carries with it authority to act at chambers, or as was said by the statute of Dakota, he might do it in vacation. So that so far as the issuance of the writ is concerned, practically the same authority is vested in the judges of the district court by each law. Among others, the question in that case was, had the judge alone at his chambers any jurisdiction or authority to issue the alternative writ within his district, but outside the subdivision in which the proceedings were pending, and hence, necessarily without the intervention of a clerk of court. In the consideration thereof Justice Kidder who prepared the opinion of the court, said:

"This authority being conferred upon the judge at chambers, it is well settled that he can hold his chambers at any place in his district. He is not obliged to go to the county or subdivision where the action or proceeding is pending before he can act as judge therein. It would be absurd to hold that the judge is obliged to go to the county where an action is pending before it is competent for him to sign an order directing his clerk to enter a judgment by default under our statute. And it would be equally absurd, and under a mandamus a slow instead of a speedy remedy, if the judge who has authority to issue writ, could not make it returnable before him anywhere in his district. There is nothing in the objection of the appellant that the judge inserted before his signature the words 'by the Court.' He had full authority to sign it as judge. The words 'by the Court' would therefore be surplusage. But if there was any force in this objection it is entirely removed by the fact that the peremptory writ was immediately signed and issued by the judge. The judge having full authority to issue the writ himself, it was not necessary for him to enter an order or judgment directing its issue. And it is not necessary for the clerk to attest the writ when the same is issued by the judge at chambers."

We have not been able to find that our own or a' law similar has been construed in any other case, and while of course the construction placed upon the same by the Dakota court is in no wise controlling upon us, yet, as it is a virtual construction of the terms of our law and appears·to be reasonable and logical, we follow it.

Section 437, art. 20, c. 66 (section 4635), Wilson's Rev. & Ann. St. Okla. 1903, provides that a judgment shall be dormant if execution be not issued thereon within five years from its date, or if five years shall intervene between the date of the last execution and the issuance of another one. Counsel for defendant insist that this statute could have no application to judgments rendered against school districts on account of the provisions of section 68, art. 3, c. 67 (section 6196), Wilson's Rev. & Ann. St. Okla. 1903, which provides that no execution shall issue on any judgment taken against a school district, but that the school board shall levy a tax on the property of the district to pay the same. In view of these sections, counsel insist that these judgments ought not to be held to be dormant, and the school district ought not to be permitted to enter a plea that they are dormant, until it should have provided in accordance with law a fund for the payment thereof, invoking the doctrine that where it is the duty of a municipality to make a levy and create a fund for the purpose of paying warrants or indebtedness and where it fails to do so, and where the fund is not created, the plea of the statute of limitations is not available. Counsel argue that this plea on the part of the district ought not to be entertained for the reason that the same would in effect permit the district to take advantage of its own neglect. That it would countenance the district in saying that, notwithstanding it was the duty of its officials to levy a tax to cover the judgments, on account of their neglecting the performance of this duty for a sufficient period of time it is now entirely relieved of its debt. We submit that this same argument would be almost if not quite available in all' cases where a lenient and indulgent creditor permits a dilatory debtor to avoid payment or acknowledgment until after the bar has

fallen. A debtor should always meet his honest liabilities, but when he does not and he is sued and sets up a valid plea of the statute of limitations, he in effect makes the same plea of which counsel complain in this case. To sustain the logic of this argument would destroy the statute of limitations in the payment of debt. Many of our laws are not perfect in their operation; some of them carry detriments as well as benefits. . If the situation urged by counsel presents one of the detriments in this law, up to this time Legislatures and courts have regarded the benefits as overcoming and outweighing the same. The courts seem to hold that while an execution may not issue upon judgments against municipalities where statutes obtain, as in this case, still the statute making them dormant where no execution does issue, obtains upon the theory that it is the duty of the creditor to be diligent and to either revive the judgment or bring an action of mandamus within the time; such an action is held in such cases to be the equivalent to the statutory writ of execution. *United States ex rel. Masslich v. Saunders, Treasurer, et al.,* 124 Fed. 124, 59 C. C. A. 394; *Dempsey v. Township of Oswego,* 51 Fed. 97, 2 C. C. A. 110; *Lafayette County Mo., v. Wonderly,* 92 Fed. 313, 34 C. C. A. 360; *In re Nevitte et al.,* 117 Fed. 448, 54 C. C. A. 622; *United States ex rel. Field v. Township of Oswego* (C. C.) 28 Fed. 55.

The case of *Dempsey v. Township of Oswego, supra,* decided by the Circuit Court of Appeals of the Eighth Circuit involved practically the same question which presents itself in the case at bar, and construed the same statutes which we have. In the discussion of that case Circuit Judge Sanborn, who prepared the opinion of the court, said:

"Under the decisions of the Supreme Court of the state of Kansas, construing the statutes of that state on this subject, this action was barred by the statutes of limitation of that state when it was commenced. 2 Gen. St. Kan. §§ 4092, 4095, 4542, 4537, 4522, 4524, 4525, 4530, 4531; *Burnes v. Simpson,* 9 Kan. 666, 667; *Mawhinney v. Doane,* 40 Kan. 676, 678, 680, 17 Pac. 44; *Angell v. Martin,* 24 Kan. 334, 335; *Scroggs v. Tutt,* 23 Kan. 182, 186; *U. S. v. Township of Oswego* [C. C.] 28 Fed. 55. The

statutes of Kansas provide that, if execution shall not be sued out within five years from the date of any judgment of record in that state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant (section 4542) ; that such judgment may be revived by order of the court on application and notice within one year after it becomes dormant; and that, if such order is not made within one year from the time it could first have been made, it shall not be made at all unless by the consent of the debtor or his representatives.    Section 4542, 4537, 4522, 4530. In the case at bar no execution could issue against the defendant township, but the writ of mandamus to enforce collection of judgments against municipalities performs the office of, and is legally the equivalent of, the writ of execution upon judgment against private individuals, since the Legislature has provided that these judgments shall be paid by taxes, and the levy and collection of the taxes may be enforced by mandamus.    It follows that under the Kansas statutes a judgment against a municipality will become dormant if the creditor permits a period of more than five years to elapse between the rendition of his judgment and the issuance of a writ of mandamus, or between the dates of the issuance of a writ of mandamus.    *U. S. v. Township of Oswego* [C. C.] 28 Fed. 55."

To the same effect is the declaration of Justice Brewer in the case of *United States ex rel. Field v. Township of Oswego, supra*:

"It is settled in this state, both by statute and decisions, that a judgment is dormant in five years, and that an execution issued thereafter is absolutely void.    It is true that the statute provides that no execution shall issue against a county, but the proceeding by mandamus is one in the nature of an execution for enforcing the collection of judgments against a municipality.    I think, by all fair analogies, the same rule applies and if a party holding a judgment against a municipality permits it to stand, without any effort to collect it by mandamus proceedings, for five years, the judgment becomes dormant, and there must be a revivor, which can only be had within a year, before any process can be obtained on that judgment.    I cannot think it possible that the Legislature by taking away the right to issue execution against the county, meant that a judgment against a county

should remain in force indefinitely. It has provided that the judgment should be paid by taxes, and the taxes enforced by mandamus. The mandamus is the equivalent of an execution, and the same rule must obtain as to all judgments which are permitted to stand for five years without process. They become dormant."

We do not find that the doctrine announced in the foregoing authorities has been departed from, and it appears to have been recognized by the Supreme Court of the Territory of Oklahoma in the cases of *Beadles v. Smyser et al.*, 17 Okla. 162, 87 Pac. 292, and *Beadles v. Fry et al.*, 15 Okla. 428, 82 Pac. 1041, 2 L. R. A. (N. S.) 855. Nor is there any conflict between the Supreme Court of Kansas, from which some of the authorities above cited came, and the Supreme Court of the Territory of Oklahoma. Both courts appear to recognize the same condition as controlling the running of the statute of limitations, both as to warrant indebtedness against municipalities and also where the same has been reduced to judgment. The Supreme Court of Kansas in a recent case held that it was the settled law of that state that the statute of limitations does not run in favor of a municipal or quasi municipal corporation upon its outstanding obligations·until a fund has been ˙provided with which payment thereof may be made. *Hubble et al. v. City of South Hutchison*, 64 Kan. 645, 68 Pac. 52. And the Supreme Court of Oklahoma on this same question has held that the statute of limitations does not run in favor of a municipal or quasi municipal corporation upon its outstanding obligations evidenced by warrants, until the corporation has provided a fund out of which payment of the same may be made. *Barnes, Mayor, et al. v. Turner & Kirkwood*, 14 Okla. 284, 78 Pac. 108, 10 L. R. A. (N. S.) 478; *Board of County Com'rs of Greer County v. Clark & Courts*, 12 Okla. 197, 70 Pac. 206. While it is true that it may not appear entirely logical that the statute of limitations should run on an indebtedness against a municipality after the same had been reduced to a judgment, when, had this final step not been taken, and no fund provided, the statute would not have run, yet such

appears to be the settled holding of the courts on the question, the reason assigned being as is suggested by Justice Brewer in the case of *United States ex rel. Field v. Township of Oswego, supra,* in that the Legislature by taking away the right to issue execution could not have meant that a judgment against a municipality should remain in force indefinitely. The foregoing opinion is written on a rehearing allowed in this case and supersedes the one heretofore rendered.

The judgment of the lower court is accordingly affirmed.

All the Justices concur.