## CITY OF DRUMRIGHT v. McCORMICK (two cases.)

Nos. 22404, 22405, Consolidated.

Sept. 18, 1934.

Hughes & Ellinghausen and S. A. Denyer, City Atty., for plaintiff in error.

Leroy J. Burt, for defendant in error.

OSBORN, J. Appeal by city of Drumright, hereinafter referred to as defendant, from an order of revivor of two judgments entered in the district court of Creek county in favor of F. P. McCormick, hereinafter referred to as plaintiff. The issues are the same in both cases, and they have been consolidated by proper order.

Plaintiff procured the two judgments against the city on December 3, 1924. He evidently assumed that the judgments became dormant on December 3, 1929. Under the provisions of section 583, O. S. 1931, motions for revivor were filed November 28, 1930. Notices were issued and served and an order of revivor made on December 2, 1930. On appeal plaintiff in error attacks the regularity of the procedure for revivor.

As we view it, it is necessary to determine first whether or not the judgments became dormant on December 3, 1929. In the case of Beadles v. Fry, 15 Okla. 428, 82 P. 1041, it was held that a judgment against a city of the first class became dormant five years from the date of entry, provided execution had not been issued, and where the creditors failed to revive the judgment within one year after it became dormant, it was barred by the statute of limitations. To the same effect is the case of Beadles v. Smyser, 17 Okla. 162, 87 P. 292, but this case was appealed to the Supreme Court of the United States and reversed. Beadles v. Smyser, 209 U. S. 393, 28 S. Ct. 522. See, also, Wenner v. Board of Education of City of Perry, 25 Okla. 515, 106 P. 821, holding that a writ of mandamus to enforce payment is the legal equivalent to the statutory writ of execution.

The statute which was in force and effect when the above opinions were rendered was section 4635, Statutes of 1903, which provides as follows:

"If execution shall not be sued out within

five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this territory, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

On March 3, 1911, the Harris-Day Code was adopted. Section 4635, supra, was adopted into the Code without change except that the following language was added thereto: "Provided, that this section shall not apply to judgments against municipalities." Section 5153, R. L. 1910; section 695, C. O. S. 1921; section 442, O. S. 1931.

Since the adoption of the Code, it does not appear that this question has been squarely presented to the court. But in view of the litigation prior thereto, it is evident that the compilers of the Code intended to put at rest a question which had provoked some difficulty. We find no reason for placing a strained construction on that portion of the statute in question. It is obvious that it means what it says, and that a judgment against a municipality does not become dormant five years from the date of its rendition. These proceedings to revive were therefore unnecessary.

The causes are remanded to the district court of Creek county, with directions to dismiss the revivor proceedings and to proceed in conformity with the views herein expressed.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.