HUTCHMAN v. PARKINSON, County Treas.

No. 31740. Dec. 9, 1947.

187 P. 2d 999.

Leslie W. Lisle, of Tulsa, for plaintiff in error.

Geo. W. Reed, Jr., and I. J. Underwood, both of Tulsa, amici curiae.

Dixie Gilmer, County Atty., Claude Weaver, Jr., Asst. County Atty., and C. R. Thurlwell, Special Counsel, all of Tulsa, for defendant in error.

BAYLESS, J. The parties will be referred to as they appeared in the trial court. Plaintiff filed this action below seeking to compel defendant county treasurer by mandamus to place certain delinquent paving assessments upon the tax rolls of Tulsa county for the year 1943, or the next available year for collection, in the manner provided by law. The defendant in his response pleaded in substance that the certificates of paving assessments were barred by the statute of limitations, that the claim was stale, and plaintiff was guilty of laches. Upon trial the court sustained demurrer of defendant to evidence of plaintiff and denied the writ of mandamus. Plaintiff appeals.

The plaintiff, in January, 1943, acquired five certificates of special assessment or tax bills for street improvements in Tulsa, Okla., issued in January, 1930, by the city of Tulsa and due in ten installments. The last installment became due December 1, 1939.

On August 17, 1943, the commissioner of finance and revenue of the city of Tulsa, at the request of plaintiff, certified the delinquent paving assessments to the defendant to be collected as delinquent taxes. The defendant refused to do so. This action was commenced September 7, 1943, over three years from the date the last installment became due.

The certificates were issued and the assessments to pay same were levied under and by virtue of the charter of the city of Tulsa and city ordinances. Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86.

The charter of the city of Tulsa, art. IX, §13, provided for a lien upon property to secure payment for the improvement, superior to all other liens except city, county, and state taxes, and upon any installment becoming delinquent, the commissioner of finance and revenue shall promptly certify such installment of assessment to the county treasurer of Tulsa county to be placed upon the delinquent tax list and collected as other delinquent taxes are collected, and such lien may also be enforced by suit in a court of competent jurisdiction. The levying ordinance (§3) provides that upon default in payment of any installment, it may be certified to the county treasurer if the holder of the tax bill so requests in writing and be enforced and collected as are other delinquent taxes.

Defendant contends that the limitation provided in 11 O.S. 1941 §242, 1939 S.L., art. 6, §1, bars the plaintiff from prosecution of this proceeding. Plaintiff says the special assessment certificates were issued pursuant to proceedings under the city charter and levying ordinances, that in such a situation the charter provisions prevail over the general law (Nix v. Reynolds, supra), that these certificates were not issued under authority of the state laws governing street improvement bonds, and therefore the 1939 Act does not apply to these certificates.

The 1939 limitations act applies to " 'Street Improvement Bond' issued under authority of chapter 10, art. 12, Oklahoma Revised Laws of 1910, or of any "Street Improvement Bond' or Refunding Street Improvement Bond" issued under any authority contained in chapter 33, art. 14, Oklahoma Statutes of 1931, and statutes supplementary and amendatory thereto."

In view of the conclusion we have reached, it is not necessary to determine whether the 1939 limitations act was intended to apply to special improvement certificates issued under the charter of the city of Tulsa.

11 O. S. 1941 §103, which is part of the basic street improvement law, provides in part:

" . . . Such special assessments, and each installment thereof and the interest thereon are hereby declared to be a lien against the lots and tracts of land so assessed from the date of the publication of the ordinances levying the same, coequal with the lien of other taxes and prior and superior to all other liens against such lots or tracts of land, and **such lien shall continue** as to unpaid installments and interest **until such assessments and interest thereon shall be fully paid, . . .**" (Emphasis ours.)

Since these tax bills were issued under the provisions of the city charter, the rights of the parties are governed by those provisions where they differ from the provisions of the state law. Under the state law, the lien for special paving assessments is coequal with the lien of ad valorem taxes (§103, supra), but, under the charter, the lien is inferior to the ad valorem tax lien. Under the state law, the special assessment lien is to continue until "fully paid" (§103, supra), but there is no such provision in the charter. Like the state law, the charter provides two methods of enforcing the lien, (1) by civil foreclosure action, and (2) by sale and resale by the county treasurer under the state law. The foreclosure action was barred prior to the bringing of this mandamus proceeding. City of Bristow ex rel. Hedges et al. v. Groom et al., 194 Okla. 384, 151 P. 2d 936.

In the City of Bristow Case the bondholder brought suit to foreclose the assessment liens for street improvements under the provision of 11 O.S. 1941 §81 et seq. On page 936, of 151 P. 2d, 194 Okla. 388, of the opinion, we used language indicating that the right to enforce payment of the assessment by the county treasurer would never be barred by the statutes of limitation. In that case, however, we were dealing with bonds issued under authority of state law which were coequal with ad valorem taxes. Under the authority of Nix v. Reynolds, supra, the coequality provision is excluded from the Tulsa paving bonds or tax bills as they are called. No doubt the dictum mentioned above was based upon the reasoning that statutes of limitation do not run against the sovereign right to collect taxes, and by the same token would not run against special assessment liens occupying a coequal status. Without this coequal status the assessments are simply liens. We recognized this distinction between the right and the remedy in the City of Bristow Case. We said in the opinion at page 940, 151 P. 2d, 194 Okla. 388:

"We must not confuse the quality or duration of the lien with the procedure for its enforcement. 48 Am. Jur. 745, sec. 226 and notes. . . ."

We also recognized the rule that the remedy may be barred by limitations in the absence of the coequality provision. In the opinion at page 941, 194 Okla. 388, we stated:

"In general the cases may be divided into the following classes: . . . (b) cases in which a provision that the lien shall continue until the debt is paid is held not to provent the running of the statute of limitations (citing authorities); . . ."

The authorities cited in the opinion as contra to the rule are, with but one exception, cases where a city sought to enforce an assessment lien on its own behalf and not for the benefit of the bondholder.

In 48 Am. Jur., Special Assessments, §226, the rule is stated as follows:

"The provision of the statute under the authority of which special assessments are levied, that such assessments shall constitute a lien 'until the same are paid and discharged,' does not make the lien a perpetual one so as to preclude the applicability of a statute of limitations to an action to enforce it. . ."

We quote from Woods v. Hyde, City Treasurer (Cal. App.) 222 P. 168, as follows:

"The rule established in this state, however, makes a distinction between the existence of a right and the exercise of a remedy. In other words, a person may be possessed of a right and by reason of inaction or failure to proceed lose his remedy. . . ."

See City of San Diego v. Higgins (Cal.) 46 P. 923; Altman v. Kilburn (N.M.) 116 2d 812; Griffith Co. v. Kelly (Cal. App.) 126 P. 2d 909; Kansas City v. Field (Mo.) 226 S.W. 27; Nevada v. Yellowjacket Silver Mining Co., 14 Nev. 220; and City of Knoxville v. Gervin (Tenn.) 89 S.W. 2d 348, 103 A.L.R. 877.

It is our conclusion that the provision that "such lien shall continue as to unpaid installments . . . until such assessments . . . shall be fully paid" (if this provision of the general law be applicable at all) does not prevent the barring of the remedy to enforce the lien of laches.

Plaintiff contends that a mandamus proceeding is not subject to the bar of limitations. Technically, this is correct. However it is generally true that a mandamus proceeding must be brought within the period fixed for that particular form of civil action which may be brought to enforce the right which is the subject of the writ, that is to say, statutes of limitations are frequently applied to mandamus proceedings by analogy where they are not a technical bar to such proceedings. High's Extraordinary Legal Remedies (3d) §30b; 35 Am. Jur., Mandamus, §§312, 313; 38 C.J. 832, §532; Beadles v. Smyser, 17 Okla. 162, 87 P. 292; Beadles v. Fry, 15 Okla. 428, 82 P. 1041; Wenner, Treasurer, v. Board of Education, 25 Okla. 515, 106 P. 821; and Board of Education of City of Duncan v. Johnston, 189 Okla. 172, 115 P. 2d 132. The City of Duncan Case, supra, applies the statute of limitations as a gauge of stale claims where mandamus was at all times the exclusive remedy of the bondholder and there was no corresponding remedy by civil action. We believe this case is controlling in the case at bar. It involved an action in mandamus by the owner of paving bonds to compel the board of education of the city of Duncan to include in its estimate for the fiscal years 1937–1939 tax levies to pay delinquent installments on paving bonds for the fiscal years 1924–1926. We held therein:

"A proceeding in mandamus, by owner of paving bonds to compel a school district to make a tax levy to pay the paving bonds, commenced after the statutory time within which a similar action to recover on such bonds could be maintained, is subject to laches."

We said in the opinion, at page 133, 115 P. 2d, 189 Okla. 173:

"It has many times been held by our court that mandamus is a special proceeding. (Citing cases)

" . . . 'Mandamus is classed as a legal remedy. . . . It is an extraordinary remedy which will not be allowed in cases of doubtful right . . . . and it is generally regarded as not embraced within the statutes of limitations applicable to ordinary actions, but as subject to the equitable doctrine of laches.'

"It is, as we have held, a discretionary writ and it lies to compel only performance of a plain legal duty, Marland v. Hoffman, 184 Okla. 591, 89 P. 2d 287. **The statutes of limitations may be made the gauge of stale claims and govern applicability of laches.** Carter v. Collins, supra; People v. Chapin, 104 N.Y. 96, 10 N.E. 141; 38 C.J. 832. (Emphasis ours) . . .

"In Wenner, Treasurer, v. Board of Education, 25 Okla. 515, 106 P. 821, certain creditors had obtained judgment against a school district; they permitted the judgment to remain more than five years without action to enforce payment despite the fact that, under the law, execution could not issue at any time, as against the school district. It was held that mandamus was the remedy to compel tax levies to accumulate money with which to pay the judgment, but inasmuch as the judgment had become dormant by the elapse of time without the issuance of execution, mandamus, its equivalent in the par-

ticular instance, would not issue because of the same fault, measured by the same rule, . . ."

While the county officials may proceed to collect paving bonds as other taxes, in doing so they are acting solely for the benefit of the bondholder. The real parties in interest are the bondholder and the property owner whose property is subject to the paving lien. In City of Bristow ex rel. Hedges v. Groom, supra, we held that an action by the owner of street paving bonds to ·foreclose the special assessment lien was an action on a "liability created by statute" barred by the three-year statute of limitations, 12 O.S. 1941 §95 (2), and that the statute commenced to run after the due date of the last installment. We said in the opinion, p. 942, 151 P. 2d, 194 Okla. 390:

"The action is not on the bonds, but to enforce the assessment lien which is imposed by law. The property owners, who are the defendants in the action, were not parties to the bonds, and the liability of their property is not based on any 'contract, agreement or promise in writing' made by them so as to bring the action under the first subdivision. . . ."

See 103 A.L.R. 889, note.

As further evidence of laches, plaintiff's assignor, though possessed of the right after 1931 to have any and all installments then in default certified to the county treasurer for collection as other taxes by making written request therefor, made no effort to have any of the installments collected until 1943.

We believe §95(2), supra, is the applicable statute in the case at bar, and using it as a gauge or yardstick for determining whether plaintiff is guilty of laches, we have concluded that he does not have a clear legal right to the issuance of the discretionary writ and that the trial court did not err in denying it.

HURST, C.J., and RILEY, WELCH, ARNOLD, and LUTTRELL, JJ., concur. DAVISON, V.C.J., and CORN and GIBSON, JJ., dissent.