FITCHETT et al. v. BLOWS et al.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1896.)

No. 657.

1. CIRCUIT COURTS—JURISDICTIONAL AMOUNT—MULTIFARIOUSNESS—WAIVER OF OBJECTION.

A suit was brought in the circuit court to enforce collection of four promissory notes, and to foreclose four mortgages securing such notes separately, on separate pieces of real estate, all the notes and mortgages being made by the same person. The sum claimed on each note was less than $2,000, but the aggregate of the notes exceeded that sum. No objection on the ground of multifariousness was made until the filing of the master's report, when an exception was taken on the ground that the court had no jurisdiction, because the sum claimed on each cause of action was less than $2,000. *Held,* that the objection was waived by failure to make it in the pleadings, and the jurisdiction should be sustained.

2. SAME—JOINDER OF CAUSES OF ACTION—AGGREGATE AMOUNT.

A bill in equity may be maintained in a federal court to collect several promissory notes, and foreclose several mortgages securing the notes separately, on separate pieces of real estate, where all the notes and mortgages are made by the same party, and where the aggregate amount due exceeds $2,000, although no one of the notes or mortgages equals that sum. Per Sanborn, Circuit Judge.

3. MISJOINDER OF PARTIES—WHO MAY OBJECT.
   Those only can object because of an improper joinder of parties who
   are themselves improperly joined. Per Sanborn, Circuit Judge.

4. REFORMATION OF CONTRACTS—JURISDICTION.
   The power of equity to reform written instruments on account of mutual
   mistake is not confined to foreclosure suits, but is a general power, ap-
   plicable to all written contracts, including promissory notes not secured
   by mortgage. Per Sanborn, Circuit Judge.

Appeal from the Circuit Court of the United States for the Dis-
trict of Nebraska.

The appellees, Catherine M. Blows and Hurlburt B. Cheever, brought this
action in the United States circuit court for the district of Nebraska, as ex-
ecutors of the last will of Amasa R. Cheever, against the appellants, Eva
Fitchett and George H. Fitchett, and against G. H. Pray, J. C. Cornwall,
and H. P. Dufur, to reform three promissory notes made by Eva Fitchett
and G. H. Fitchett to Amasa R. Cheever, to enforce the collection of these
three notes, and of another note for $1,000, made by the Fitchetts to Cheever,
and to foreclose four mortgages of real estate, each of which described a
different piece of property from that described by either of the others, and
each of which was alleged to secure one, and only one, of the notes. These
notes were: One for $500, dated June 10, 1882; one for $350, dated August
12, 1884; one for $1,000, dated June 16, 1885; and one for $1,500, dated May
11, 1891. And the bill alleged that no part of the principal of any of the notes
had been paid, and that there was some interest overdue. It also alleged that
the defendants, other than the Fitchetts, had some interest in the mortgaged
premises, inferior to the mortgages, but these defendants never appeared or
answered. The Fitchetts answered that they admitted the execution of the
notes and mortgages, and that no part of the principal of either of them had
been paid; but they denied that there was any mistake made in·drafting the
three notes which the appellees sought to reform; averred that the note for
$350 was not secured by any mortgage, that actions upon all the notes ex-
cept that for $1,500 were barred by the statute of limitations, and that the
action upon that note was prematurely brought. The case was referred to a
master, who found that, by mistake and inadvertence, the three notes for
$500, $350, and $1,500 were so drawn that on their face they drew interest
from their maturity, while the agreement and/intent of the parties to them
was that they should draw interest from their date,—and that the appellees
were entitled to a decree reforming them accordingly; that the note for $350
was not secured by any mortgage; that there was $636.35 due on the note
for $500, $1,192.38 due on the note for $1,000, and $1,860 due on the note
for $1,500; that each of these amounts was secured by a separate mort-
gage, and was a lien on a separate piece of real estate thereunder; and that
the appellees were entitled to a decree of foreclosure of each of these mort-
gages. The appellants excepted to this report, on the grounds—First, that
the court had no jurisdiction to render any decree, because the amount
claimed to be due on each of the causes of action was less than $2,000;
second, that the evidence did not support the findings of the master that
there was a mutual mistake in the drafting of the three notes, which he
found that the appellees were entitled to have reformed; and, third, that
the appellees were not entitled to a decree reforming the note for $350, be-
cause it was not secured by any mortgage. The court below overruled these
exceptions, and rendered a decree in accordance with the findings and recom-
mendation of the master. The appeal presents the question of the sufficiency
of each of these exceptions.

Ralph W. Breckenridge, for appellants.

Richard A. Jones (Benjamin T. White and Arthur H. Burnett
filed a brief), for appellees.

Before SANBORN and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court,

May a mortgagee maintain a bill in equity in the circuit court of the United States, to collect several promissory notes, and to foreclose several mortgages, made by the same promisors and mortgagors, where the mortgages secure the notes, respectively, upon separate pieces of real estate, and the sum claimed to be due on no one of them equals $2,000, but the aggregate amount claimed to be due on all of them exceeds that amount? The court below answered this question, without hesitation, in the affirmative, and the ingenuity and persistency of the counsel for appellants have failed to convince us that there is any sound reason for any other answer. It goes without saying that the mortgagee might have maintained an action at law in the federal court upon all the overdue promissory notes made by his mortgagor if the amount he claimed upon them exceeded $2,000, although no one of them amounted to that sum. It is not perceived that the fact that their payment was secured by separate mortgages, and that resort was had to equity to collect the notes and foreclose the mortgages, changes the rule. The mortgages were mere incidents to the debts, and the suit in equity was composed of causes of action for the collection of the debts, no less than an action at law upon the notes would have been. One of the acknowledged heads of equity jurisprudence is the prevention of a multiplicity of suits: and it would be a strange incongruity to hold that, where a single action at law could be maintained to collect four promissory notes, there must be four separate suits between the same parties to accomplish the same purpose, where resort was had to equity. Such a rule would convert a court of equity into an instrument to multiply, rather than to prevent the multiplication of, suits. No sound reason has been presented to us why four causes of action, between the same parties for the foreclosure of four separate mortgages, should not be joined in a single action. They are causes of action upon express contracts. The general rule of law and the usual provision of the codes of the various states is that causes of action upon express contracts, between the same parties, may be joined in a single action. Consol. St. Neb. 1891, § 4627. The additional labor and expense entailed upon the parties and the court by the commencement and trial of four suits, instead of one, for the purpose of foreclosing these mortgages, would tend in no possible way to serve the convenience or to advance or protect the rights of these litigants.

Judge Story, in section 533 of his Equity Pleadings, says:

"The result of the principles to be extracted from the cases on this subject seems to be that, where there is a common liability and a common interest, a common liability in the defendants and a common interest in the plaintiffs, different claims to property, at least if the subjects are such as may without inconvenience be joined, may be united in one and the same suit."

In Fitch v. Creighton, 24 How. 159, 164, the complainant exhibited a bill in equity to enforce two separate liens fastened upon different sets of lots in a city by two distinct city assessments. The amount of one of these assessments, which was levied on four lots, was $1,791.76; and the amount of the other assessment, which was

levied on three other lots, was $266.47. The defendant demurred to the bill, and the supreme court overruled the demurrer, and said:

"Whilst parties should not be subjected to expense and inconvenience in litigating matters in which they have no interest, multiplicity of suits should be avoided by uniting in one bill all who have an interest in the principal matter in controversy, though the interests may have arisen under distinct contracts."

In O'Connell v. Reid, 12 U. S. App. 369, 371, 5 C. C. A. 586, 588, and 56 Fed. 531, 532, a petition was filed in the United States circuit court for the district of Kansas, which contained two causes of action,—one for $338.71, for a debt due, and one for $1,900.99, for a debt not due; and separate attachments were issued upon each of these causes of action. The cause of action for money not due was, by the statutes of Kansas, maintainable only where the debtor had disposed of, or was about to dispose of, his property, with intent to defraud his creditors, and an attachment was ordered by the court to be issued upon that ground. To this petition a demurrer was interposed, on the ground that there was a misjoinder of causes of action, and that the court had no jurisdiction of either cause alone, but this court overruled that demurrer.

In Torrent v. Hamilton, 54 N. W. 634, the supreme court of Michigan held that a bill to foreclose four distinct mortgages made by the same mortgagors, and held by the same plaintiff, but bearing different dates, and containing different exceptions, was not multifarious.

But it is idle to discuss this proposition further. There is neither reason nor authority for a ruling different from that which was made by the court below. A bill by a mortgagee to foreclose four separate mortgages, each of which amounts to less than $2,000, but all of which amount to more than that sum, is not demurrable for misjoinder of causes of action or multifarious, where the notes secured by the mortgages and the mortgages themselves are held by the same complainant, and were made by the same mortgagors, and a national circuit court has jurisdiction of a suit founded on such a bill. Moreover, the objection that a bill is multifarious or that there is a misjoinder of causes of action is waived if not taken in the pleadings. Story, Eq. Pl. § 284a; Oliver v. Piatt, 3 How. 333, 411; Shields v. Thomas, 18 How. 253, 260; Barney v. Latham, 103 U. S. 205, 215; Converse v. Dairy Co., 45 Fed. 18, 20; Ranger v. Cotton-Press Co., 52 Fed. 611, 613; Payne v. Avery, 21 Mich. 524, 537; Burnham v. Dillon (Mich.) 59 N. W. 176, 177. · The appellants did not raise this objection by demurrer, answer, or in any other way than by an attempted exception to the report of the master.

Again, those only can demur for an improper joinder of parties defendant who are themselves improperly joined. Story, Eq. Pl. § 544; Torrent v. Hamilton (Mich.) 54 N. W. 634, 635; Warthen v. Brantley, 5 Ga. 571; Whitbeck v. Edgar, 2 Barb. Ch. 106; Toulmin v. Hamilton, 7 Ala. 362; Miller v. Jamison, 24 N. J. Eq. 41; Gartland v. Dunn, 11 Ark. 720; Payne v. Berry, 3 Tenn. Ch. 154; Christian v. Crocker, 25 Ark. 327; Great Western Compound Co. v. Aetna Ins. Co., 40 Wis. 373; Cherry v. Monro, 2 Barb. Ch. 618; Sweet v.

Converse, 88 Mich. 1, 49 N. W. 899. The only appellants here are the mortgagors, Eva Fitchett and George H. Fitchett. They were equally interested in all the notes and mortgages, and were properly made defendants to either cause of action in the suit. If any other parties were improperly joined, those parties only can present that question.

When the court below has considered conflicting evidence, and made its finding and decree thereon, they must be taken to be presumptively correct; and unless an obvious error has intervened in the application of the law; or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand. Warren v. Burt, 12 U. S. App. 591, 600, 7 C. C. A. 105, 110, and 58 Fed. 101, 106; Paxson v. Brown, 27 U. S. App. 49, 10 C. C. A. 135, 144, and 61 Fed. 874, 883; Stuart v. Hayden, 18 C. C. A. 618, 72 Fed. 402; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Evans v. Bank, 141 U. S. 107, 11 Sup. Ct. 885; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821. We have carefully examined the evidence in this case upon which that portion of the decree reforming the three promissory notes is based, and are satisfied that the trial court committed no serious mistake in the consideration of the evidence, or in the conclusion it deduced therefrom.

Nor can the objection that the court below had no power to enter a decree reforming the note for $350, because it was not secured by a mortgage, be sustained. The power of a court of equity to reform written instruments, on account of the mutual mistakes of the parties to them, is not confined to suits to foreclose mortgages, nor is it applicable alone to notes secured thereby. It is a general power applicable to all written contracts, whenever the facts are established which properly invoke its exercise. The decree below must be affirmed, with costs, and it is so ordered.

THAYER, Circuit Judge (concurring). The circuit court had jurisdiction of the case unless the bill of complaint was multifarious, and was excepted to at the proper time for that reason. No objection was made to the bill of complaint on the ground that it was multifarious, either by demurrer or answer, nor in any other manner, until the case had been heard before the master, and his report had been filed, when an attempt was made to raise the question by an exception to the master's report. It was then too late to except to the bill for multifariousness, as that objection had been waived. On this ground, I concur in the foregoing decision, but without expressing any opinion whether the objection to the bill on the ground of multifariousness would or would not have been good if taken in time.