FARSON et al. v. CITY OF SIOUX CITY et al.

(Circuit Court, N. D. Iowa, W. D. January 7, 1901.)

1. MUNICIPAL CORPORATIONS—IMPROVEMENT BONDS—SUIT TO ENFORCE TRUST.
    Under Acts 20th Gen. Assem. Iowa, c. 20, which authorizes cities to improve streets and highways, to impose a special tax on abutting property to pay the cost of the improvement, and to issue bonds and sell the same to raise the money to pay for the improvement in the first instance, and which declares that the special assessments, when collected, shall constitute a sinking fund, to be used only in paying for the particular improvement for which they were levied, a city which has issued such bonds becomes a trustee charged with the duty of levying, collecting, and properly applying such assessments on the appropriate bonds, and equity has jurisdiction of a suit by a holder of such bonds to require an accounting in respect to such trust and for the enforcement of the same.

2. EQUITY—DEMURRER FOR WANT OF NECESSARY PARTIES.
    A bill cannot be held defective on demurrer for want of necessary parties, where it does not appear from the facts disclosed therein that the presence of other parties is necessary to the determination of the complainants' rights, or that there are others whose interests will be injuriously affected by the granting of the relief sought.

3. SAME—MISJOINDER OF CAUSES OF ACTION.
    A bill which seeks an accounting from a city in respect to a trust fund, and also to hold the city treasurer and the sureties on his bond liable for a misappropriation of such fund, is demurrable for misjoinder of causes of action.

In Equity. On demurrers to bill.

Charles B. Masslich and R. M. Dott, for complainants.
John N. Weaver, for city of Sioux City.
Quick & Carter, A. L. Beardsley, and F. E. Gill, for co-defendants.

SHIRAS, District Judge. It is averred in the bill herein filed that the complainants are the owners of a number of bonds, with coupons attached, issued by the city of Sioux City under the provisions of chapter 20, Acts 20th Gen. Assem. Iowa, which authorized cities of the first class to improve the streets and highways therein situated, to impose a special tax upon the abutting property to pay the expense of such improvements, and to issue negotiable bonds, and sell the same, in order to raise the money to pay for the improvements in the first instance. Under the provisions of this act, the city is authorized to levy a special assessment upon

the abutting property, which becomes a lien upon the property, and it is declared that the money derived from such special assessments shall constitute a sinking fund, to be used only in payment of the cost of the improvement upon the particular street or highway to defray the cost of which the bonds are issued. When the city issued and sold bonds under the provisions of this act, then the duty was imposed upon the city of making the proper special assessment, levying and collecting the tax thereby imposed upon the abutting property, thereby creating the sinking fund provided for in the act, and of paying out this sinking fund to the beneficiaries thereof, to wit, the owners of the bonds previously issued by the city. It is charged in the bill that the city has in divers ways failed to perform this duty, having failed to collect taxes sufficient to pay the amount due on the bonds, and having misappropriated a large part of the moneys collected from the taxes assessed, and an accounting is therefore prayed in order to ascertain the condition of the trust fund, as a basis for decreeing proper relief to the complainants. On behalf of the city, a demurrer to the bill is interposed upon the grounds that the case is not one within the jurisdiction of a court of equity, the remedy at law being fully adequate, and that there is lack of proper parties, in that the owners of the other bonds issued by the city are not made parties to the litigation.

It is clear that if the relation imposed upon the city with respect to the levying, collecting, and disbursement of the special taxes authorized by the act is that of a trustee, then the equitable jurisdiction cannot be questioned, and it seems equally clear that the city is a trustee with respect to the fund necessary to be raised to pay the bonds in question. Every element necessary to create a trust relationship is found in the duty imposed upon the city, it having chosen to undertake the improvement of its streets under the provisions of the act of the 20th general assembly, and having thereby obligated itself to impose, collect, and disburse the taxes provided for in the act for the benefit of persons purchasing the bonds. This being the fact then, as is ruled by the supreme court in Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004, "it may be said that whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting legal processes or remedies." The averments of the bill show clearly that the case comes within the jurisdiction of equity, and that the remedy sought can only be reached through the process of a court of equity.

The other ground, of want of proper parties, urged in support of the demurrer, is equally without merit. It is not made to appear on the face of the bill that there are other parties whose interests will be injuriously affected by the relief sought, and therefore on demurrer the court cannot hold that the bill is defective. If, in the further progress of the suit, it becomes apparent that there are other parties interested who should be brought into the case, the court can then require complainants to make them parties; but, as the record now stands, it is not made apparent that necessity for so doing exists, and the demurrer of the city must be over-

ruled on this as well as on the other ground urged in support thereof.

The bill, as now framed, seeks to hold liable the city treasurer and the sureties on his official bonds for the alleged misappropriation of the funds derived from the special assessments. On behalf of these defendants demurrers are interposed on the ground, among others, that there is an improper joinder of causes of action and of parties, in that the questions at issue between the bondholders and the city are wholly different from those attempted to be asserted against the city treasurer and his bondsmen. The question of the liability, if any, of the city treasurer and his sureties, certainly presents issues other and different from those involved in the case against the city, although it is true that they grow out of the same original transaction, and, viewing the matter as a question of expediency, it would seem best that it should not be attempted to deal with these differing issues in the one suit.

The orders to be entered in the case therefore are: (1) That the demurrer interposed to the bill on behalf of the city of Sioux City is overruled, with leave to the city to file an answer by February 20th next; and (2) that the bill be dismissed so far as it affects the city treasurer and his sureties, without prejudice to the right of complainants to carry on or institute other proceedings against these parties.