## CONTINENTAL TRUST CO. v. SHUNK PLOW CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1920. Rehearing Denied
March 24, 1920.)

### No. 3452.

1. COUNTIES ⬥⇒168(1)—IMPLIED TRUST IN FAVOR OF BUYER OF WARRANTS
AGAINST SELLER, WHO ACQUIRED WARRANTS ISSUED IN LIEU OF THOSE SOLD.
Where county warrants were issued to a creditor to replace former war-
rants, which the creditor had pledged, and the creditor, after redeeming
the pledged warrants, instead of surrendering them to the county, re-
delivered them to the pledgee, the latter held them in trust for the buyer
of the later warrants, and the buyer acquired the beneficial interest in
the funds raised by the county to pay the debt.

2. COURTS ⬥⇒268—IMPLIED TRUST IN COUNTY WARRANTS IS EQUITABLE CLAIM
TO PROPERTY, ENTITLING PARTY TO SUE IN DISTRICT IN WHICH COUNTY IS
SITUATED.
The buyer of county warrants issued in lieu of former warrants, which
acquired an implied trust in the former warrants, has a beneficial interest
in the funds raised by the county to pay the warrants, which entitles
it to bring suit in the district in which the county is situated, and serve
notice by publication on the nonresident defendants, under Judicial Code,
§ 57 (Comp. St. § 1039).

Appeal from the District Court of the United States for the South-
ern District of Georgia; Beverly D. Evans, Judge.

Suit by the Continental Trust Company against the Shunk Plow
Company and others. From a decree granting a motion of defendants
Commercial Credit Company and another to vacate an order for
service on nonresident defendants by publication, to quash attempted
service, and, as to said nonresidents, to dismiss the bill for lack of
jurisdiction, complainant appeals. Decree reversed.

Robert C. Alston and Philip H. Alston, both of Atlanta, Ga., and
Warren Grice, of Macon, Ga. (James F. McNaul, of Pittsburgh, Pa.,
and Ellsworth Hall, of Macon, Ga., on the brief), for appellant.

Alex W. Smith and T. B. Higdon, both of Atlanta, Ga. (Smith,
Hammond & Smith, of Atlanta, Ga., on the brief), for appellees.

Before WALKER, Circuit Judge, and GRUBB and CALL, Dis-
trict Judges.

WALKER, Circuit Judge. The appellant, Continental Trust Com-
pany, in April, 1919, filed its bill in the District Court for the South-
ern District of Georgia, naming as defendants Butts county, which
is a part of that district, J. O. Gaston and H. M. Fletcher, residents
of that county, and three nonresident corporations, namely, the Com-
mercial Credit Company (herein referred to as the Credit Company),
the Salisbury Metal Culvert Company (herein referred to as the
Culvert Company), and the Shunk Plow Company. An order was
made for service on, or notice by publication to, the nonresident de-
fendants in the manner prescribed by section 57 of the Judicial Code
(Comp. St. § 1039). The Credit Company and the Culvert Company
appeared specially by attorneys and moved that the just-mentioned or-

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

der be vacated, that the attempted service by publication be quashed, and that, as to said nonresidents, the bill be dismissed for lack of jurisdiction. The appeal is from a decree granting that motion.

[1] The bill asserted a lien upon or claim to a certain sum of money in the hands of Butts county, being proceeds of special taxes levied in four successive years to pay debts of the county, including debts evidenced by three county warrants or orders issued in 1914 to the Culvert Company; it being averred that the amount of the proceeds of such levies still in the county's possession was unknown, but that the levy each year was in an amount sufficient to pay off one-fourth of the debts for the payment of which the levies were made, and that only one-fourth of the amounts called for by the above-mentioned warrants or orders had been paid thereon. What was relied on as the basis of the asserted lien or claim is disclosed by averments of the bill to the following effect:

In May, 1915, the appellant bought from the Culvert Company three orders or warrants, each for the principal sum of $2,200, issued to the latter in April, 1915, by the appellee Gaston as commissioner of roads and revenue of Butts county, which on their face purported to evidence debts owing by that county. Those instruments were issued with the understanding between Gaston and the Culvert Company's agent that they were to be in lieu of the above-mentioned warrants or orders for the same amounts issued in 1914 to the Culvert Company and which the latter was to surrender. At the time of its purchase appellant was not informed of the just-mentioned understanding or agreement under which the instruments it bought were issued, or of any connection between them and previously issued warrants or orders. When the instruments acquired by the appellant were issued and sold, the previously issued warrants were held by the Credit Company, to which they had been assigned by the Culvert Company.

In December, 1915, the Credit Company redelivered to the Culvert Company the three warrants previously assigned by the latter to the former; the latter giving to the former its note, indorsed by its directors, who are entirely solvent, for the full amount called for by those warrants. The Credit Company accepted that note in lieu of the redelivered warrants, which were surrendered to the Culvert Company, to be by it delivered to Gaston in pursuance of the agreement made with the Culvert Company when the instruments held by the appellant were issued, and for the purpose of giving efficacy to the last-mentioned instruments. The Credit Company brought suit on the note against the maker and indorsers of it; but, after the Culvert Company became insolvent in 1916, that suit was dismissed without prejudice, and the 1914 warrants, instead of being surrendered to Gaston, were returned to the Credit Company. This was done for the purpose of protecting and lessening the liability of the Culvert Company's directors by reason of their indorsement of the note given to the Credit Company. After the Credit Company so regained possession of the 1914 warrants, it was paid one-fourth of the amount they called for out of the sum raised by the above men-

tioned tax levies. At the time this suit was brought the 1914 warrants were in possession of the resident appellee, Fletcher. Prior to the bringing of this suit it had been adjudged in a suit brought by the appellant that the instruments transferred to it were not enforceable against Butts county.

The sum of money shown to be in the district in which the suit was brought came into existence for the sole purpose of being applied to the payment of specified debts owing by Butts county, including the above-mentioned ones incurred by it to the Culvert Company. The owners of those debts have claims on the fund raised to pay them. The sale made to the appellant imported an intention on the part of the seller to confer on the purchaser whatever interest the seller had in the debts which the instruments transferred were given to evidence. According to the averments of the bill, those instruments were issued as evidences of the same debts which were evidenced by previously issued instruments which were to be surrendered. If at the time of the sale to the appellant the seller had held the previously issued instruments, its holding of them would have been for the use and benefit of the purchaser from it of the debts they evidenced. When the seller reacquired those instruments, it held them freed of any claim thereon in favor of the Credit Company, as the latter accepted in lieu thereof a note having solvent indorsers, and surrendered the first-issued instruments for the purpose of giving efficacy to those transferred to the appellant.

When the Culvert Company reacquired the 1914 warrants in the manner and for the purpose alleged, it was put in the position of one possessing the evidence of a debt which he had sold to another. As seller it was under the obligation of making effective its transfer of instruments purporting to represent debts owing to it by Butts county. It had the means of complying with that obligation when it reacquired the original warrants freed of any claim thereon in favor of the Credit Company. Equity regards that as done which ought to be done. The Culvert Company is to be regarded as holding the 1914 warrants, from the time it reacquired them, not for itself nor for the Credit Company, the claim of which had been extinguished, but for the use and benefit of the appellant, the purchaser from it of the debts those instruments represented. The state of facts was such as to raise an implied trust in favor of the appellant. As the beneficial owner of the debts represented by the 1914 warrants, the appellant in equity is entitled to be treated as a beneficiary of the fund required to be applied to the payment of those debts. Its beneficial interest was not defeated by the instruments evidencing the debts getting into the hands of the Credit Company after it had ceased to have any valid claim to them.

[2] This suit is not one for the enforcement of a lien created by judicial proceedings. The claim asserted existed before the suit was brought. It is based upon an alleged state of facts having the effect of conferring on the party bringing the suit a beneficial interest in a particular fund sought to be reached. The conclusion is that the averments of the bill show that, within the meaning of the

provision of section 57 of the Judicial Code, the appellant had an equitable claim to designated personal property within the district where the suit was brought. Nonresidents, who are proper parties defendant to such a suit, may be proceeded against in respect to the property in question in the mode and for the purpose indicated in that statute. Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647. The order made for service on, or notice by publication to, the nonresident defendants, was in pursuance of the requirements of the statute, and that order was complied with. This being so, the above-mentioned action of the court was erroneous.

It follows that the decree should be, and it is, reversed.