**GULF & S. I. R. CO. v. DUCKSWORTH, Sheriff, et al.**

(Circuit Court of Appeals, Fifth Circuit. February 7, 1923.)

No. 3893.

1. **Eminent domain ⊚⊐70—Prohibition of federal Constitution does not apply to the state or its officers.**

Const. Amend. 5, prohibiting the taking of property for public use without just compensation, bears only upon the exercise of power by the United States government, and affords no ground for relief against the state or its officers.

2. **Constitutional law ⊚⊐234, 291—Statutes providing for creation of road districts and issuance of bonds do not deny constitutional rights.**

Hemingway's Code Miss. §§ 7158–7161, authorizing the creation of road districts and the issuance of bonds for the construction of roads therein, and affording taxpayers the right to be heard on appeal to the circuit court in regard to the levy of taxes or any other decision of the board of supervisors, do not deny a taxpayer any right under Const. Amend. 14.

3. **Highways ⊚⊐90—Creation of special road district and construction of road to be paid for by special ad valorem tax held not to deny constitutional rights.**

The creation, under Hemingway's Code Miss. §§ 7158–7161, of a road district about 30 miles long and from 2 to 4 miles wide, traversed throughout its length by a railroad and also by a main highway, which was to be constructed as a hard-surfaced road by the issuance of bonds to be paid by a special ad valorem tax, did not deny the railroad any right under the United States Constitution, in the absence of anything to show that it was not benefited by the construction of the highway, though the highway might to some extent afford competition with the railroad.

4. **Railroads ⊚⊐5½, New, vol. 6A Key-No. Series—Company competent to litigate road district taxes levied during federal operation.**

A railroad was competent to interpose objections to the creation of a road district under the statutes of Mississippi, or to the levy of taxes therein, though its road was at the time operated by the government.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by the Gulf & Ship Island Railroad Company against D. W. Ducksworth, Sheriff and Tax Collector of Simpson County, Miss., and others. From a decree dismissing the bill of complaint (280 Fed. 733) plaintiff appeals. Affirmed.

T. J. Wills, of Hattiesburg, Miss., and B. E. Eaton, of Gulfport, Miss., for appellant.

R. C. Russell, of Magee, Miss., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case is here on an appeal from a decree dismissing the bill of complaint filed in this case, on the motion of defendants, as not stating a case entitling it to any relief, and refusing to grant the injunction prayed in said bill. If the bill was properly dismissed, the injunction was properly refused. In ruling upon the propriety of such dismissal, only the allegations of the bill are for consideration.

Said bill of complaint alleges that prior to its filing (it was admitted on the argument to have been in the year 1917) the board of supervis-

ors of Simpson county, Miss., passed an order creating a road district in the manner authorized by the statutes of the state of Mississippi; said district being about 30 miles long and of a width varying from 2 to 4 miles. A map thereof was an exhibit to said bill. Said district is traversed through its entire length by the railroad of the Gulf & Ship Island Railroad Company, appellant, and is also traversed by a highway practically parallel to said railroad. There is no allegation that said district was not created in accordance with the requirements of the statutes providing for the creation of such districts.

Bonds to an amount not stated in said bill were issued and used in the construction of said highway. The time of their issuance is also not stated therein. The bill alleges that a special tax of 10 mills to be used in paying interest on said bonds and payment of other obligations arising because of said road has been levied for the year 1921 on the property embraced in said road district.

In January, 1922, the said railroad company, appellant, filed its bill of complaint in the United States District Court for the Southern District of Mississippi against D. W. Ducksworth, sheriff and tax collector as aforesaid, and the board of supervisors of said county, seeking to permanently restrain them from levying on the property of complainant and from collecting or attempting to collect said special tax.

The grounds alleged for said injunction were that the said road district, whether intentionally so devised or not, is in law and in fact a fraud prejudicial to complainant's interests, and was laid out so as to take in all of its property for said distance of 30 miles, when said highway to be constructed is of no special advantage to it, but a direct competitor with it for business by means of automobiles for passengers and trucks engaged in the hauling of freight; that the collection of said tax would deprive it of its property without due process of law, and would deny to it the equal protection of the laws, contrary to the Fourteenth Amendment to the Constitution of the United States, and would constitute the taking of its property for public uses without just compensation, contrary to the rights secured to it by the Fifth Amendment of said Constitution; that the total assessed valuation of all the property in said district other than appellant's own is $1,990,460 and that its assessment is $521,430.

The case was heard before the court on a motion for preliminary injunction, and also on motion of defendants to dismiss the bill, because insufficient in point of law to justify the relief prayed for. The court denied the motion for preliminary injunction, and sustained the motion to dismiss the bill, and a decree was taken dismissing the same.

It will be noticed that the only grounds of attack made upon this action of the board of supervisors is not that the said road district was not created in conformity with the laws of Mississippi, or that notices were not given as prescribed by said laws, or that the appellant railroad company did not actually have notice of the purpose to create said district and to issue said bonds, or that it made an objection thereto which was overruled, but that the levy of said tax to pay for the construction of said road and the bonds created for that purpose would deprive it of its property without due process of law, and deny to it

the equal protection of the laws, in violation of the Fourteenth Amendment of the Constitution of the United States, and, furthermore, that the action of said state authorities in creating the district and levying the tax aforesaid is an abuse of power and a discrimination against complainant, which deprives it of its property without due process of law, as well as takes its property for public use without compensation, and that the state laws of Mississippi under which said district was created are themselves in violation of said constitutional amendments, when by their operation such discrimination and unjust burdens as are disclosed in said bill may be imposed against taxpayers for taxation purposes.

[1] So far as complaint is made of a violation of the Fifth Amendment of the Constitution of the United States, it is sufficient to say that such amendment bears alone upon the exercise of power by the United States government and affords no ground for relief against the state or its officers. Brown v. New Jersey, 175 U. S. 172, 174, 20 Sup. Ct. 77, 44 L. Ed. 119.

[2] The laws of the state of Mississippi authorize the board of county supervisors to create road districts and authorize the issuance of bonds for the construction of roads therein. Hemingway's Ann. Miss. Code, §§ 7158–7161. The laws of said state afford to all taxpayers the right to be heard on an appeal to the circuit court in regard to the levy of taxes, and also in regard to any other decision of the board of supervisors, and the railroad company as a taxpayer could have been heard on the proposition to create this district and issue bonds for the building of this highway. Such statutes do not deny to the appellant any rights under the Fourteenth Amendment of the Constitution of the United States. Hemingway's Ann. Miss. Code, §§ 60, 61. Indeed, the bill makes no charge that it could not have been fully heard before said board of supervisors, had it so desired.

[3] Neither do we think that in the manner of the application of this law any denial to the appellant of any right under the Constitution of the United States occurred. It is alleged in the bill that the road was a main highway through the county. Doubtless it has been in existence as an unpaved road for many years. The need of construction of a hard-surfaced road, upon the location of this highway, as shown by said exhibited map, must have largely dictated the shape of this road district. Being a main highway of the county, as is alleged, it doubtless was continued into and through the adjoining counties. While it paralleled the railroad, and may have affected to some extent local business moving between stations on the railroad which it touched, it doubtless gave to the railroad a corresponding benefit in the facility of transportation to the said towns of produce for shipment, and, by aiding in the building up of said towns, promoted the commerce which had to be brought from beyond points reached by said highway and from beyond the state to said several towns.

There is nothing in the bill of complaint, or in the situation, which suggests that the railroad company was not benefited by the construction of said new highway. According to the averments of the bill, the value of the property of the railroad was about one-fifth of the entire taxable property of said district. There is no complaint that all prop-

erty was not fairly valued, in equal proportion, for taxation. The tax was not a local assessment levied upon the theory that the improvement was a special benefit to the abutting property, but was an ad valorem tax levied on all of the property in the district, whether it abutted on said highway or not.

The case is entirely unlike that of Kansas City Southern Ry. v. Road Imp. Dist. No. 6, 256 U. S. 658, 41 Sup. Ct. 604, 65 L. Ed. 1151. In that case a part of the costs of a road was assessed against a railway company according to an arbitrary assessment of benefits to its property on account of its building. The manner of assessment of benefits against the railway company was wholly different from that used in assessing benefits as to any other property in said district, and made so palpable and arbitrary a discrimination between the railway company and other owners assessed that it was held to amount to a denial of the equal protection of the laws. Here there is no assessment for a local improvement, but a special ad valorem tax levied on all the property in the road district on a valuation as to which no objection of any discrimination or unfairness is alleged.

[4] The bill does not allege that the appellant interposed any objection to the creation of said district or to the levy of the taxes in previous years, and it is fair to assume that it made none. It was urged on the argument that said railroad was being operated by the government from the year 1917 to the 1st of March, 1920, and that therefore the appellant was not called upon, during that period, to litigate. It, however, was perfectly competent to litigate. It does not deny that it knew that the bonds were being issued, or that the taxes to pay the same would be a charge upon its property within said district for many years, and it would seem that it should not have stood by and permitted the bonds to be issued and sold to bona fide holders without promptly interposing any objection it had.

Be that as it may, we do not think that the facts averred in the bill show any violation of its rights under the Constitution of the United States, and that the court below did not err in dismissing the bill.

The judgment of the District Court is therefore affirmed.