BROWN–CRUMMER INV. CO. OF WICHITA, KAN., et al. v. CITY OF FLORALA, ALA., et al.

No. 432.

District Court, M. D. Alabama.

Aug. 25, 1931.

ter 43 the Alabama Code of 1923 (sections 2174–2237), two separate series of street improvement bonds, series D in the sum of $53,000, series C in the sum of $100,000, both series bearing 7 per cent. interest, payable semiannually, evidenced by interest coupons. These bonds represented the cost of street paving projects Nos. 3 and 4 and all of the bonds were signed by the mayor and treasurer of the city, and executed and sealed in the corporate name of the city of Florala. The city was the only obligor on said bonds and coupons. The bonds were issued, dated May 1, 1925, and made to mature ten years from date on May 1, 1935, and were issued under section 2227 of the Alabama Code of 1923. All of said bonds are of the denomination of $1,000 each, and the interest coupons of $30 each maturing semiannually. The bonds are in the usual form and recitals, being the promise of the city to pay, and in the face of each bond is also the following recital:

"This bond is issued by virtue and in pursuance of section 2227 of the Code of Alabama, of 1923, for the purpose of paving, grading, draining and improving the driveways, sidewalks, curbs and gutters and the crossings and intersections thereof in and along the avenues and streets and crossings and intersections thereof and public places within the corporate limits of the City of Florala, Covington County, Alabama, under and pursuant to an Improvement Ordinance adopted and approved by the Mayor and City Council of said City on December 4, 1923, and Resolution confirming such Ordinance and ordering the improvements made, duly and legally adopted and approved by the Mayor and City Council for said City January 1, 1924, within the area and limitations of such Ordinance and Resolution and the avenues, streets, portions of streets and public places, and crossings and intersections.

"This bond and the interest coupons hereto attached is a lien only against the property improved as aforesaid under said Ordinance and Resolution and as provided by the laws of Alabama, and against the funds to be collected from the assessments levied against the property improved and this bond and interest coupons attached are payable solely from the said assessments so collected and not otherwise, this bond and coupons not being the general obligation of the City of Florala, Alabama, nor shall said City be in any way liable to the holder hereof in case of failure to collect the same, as pro-

G. W. L. Smith, of Brewton, Ala., and Elcock & Martin, of Wichita, Kan., for plaintiffs.

M. S. Carmichael, of Montgomery, Ala., and F. J. Mizell, Jr., of Florala, Ala., for City of Florala, Ala.

A. R. Powell, of Andalusia, Ala., and Rushton, Crenshaw & Rushton, and Steiner, Crum & Weil, all of Montgomery, Ala., for various defendant landowners.

KENNAMER, District Judge.

The city of Florala, a municipal corporation in Covington county, Ala., issued and sold, pursuant to law and article 33 of chap-

vided by section 2227, Code of Alabama, 1923, and the owner of this bond shall have all right, title and interest in and to said assessments, and the lien against the property assessed, with full power to enforce the collection of said assessments, as is conferred by said section 2227, Code of Alabama, 1923."

The city paid some of said bonds by calling them in, and also paid promptly all of the interest coupons at maturity until November 1, 1928, on one series and until May 1, 1929, on the other series, when the city declined to pay the interest, and, in effect, repudiated all of the bonds and coupons.

As alleged in the bill and shown by the evidence, the bonds were sold, the city received the money, the city streets were improved, and the work accepted by the city when both projects were completed. The special assessment taxes were levied by the city in the years 1924 and 1925 on the various lots of land composing the abutting property improved to pay the cost of each project and each series of bonds under article 33 of chapter 43, sections 2174 to 2237, of the Alabama Code of 1923. The bonds were issued, advertised, and sold, under sections 2270, 2281 of the Code. All of the assessments were declared past due and unpaid, were sued on, and the interest coupons were sued on that were past due. The bill also sought to establish and foreclose the liens on the abutting property improved. The bill as first filed was against the city of Florala and its officers only. Later at the suggestion of the then presiding judge, Clayton, the plaintiffs amended the bill, and made all owners of the abutting property improved parties defendant. The pleadings in the case were at a later time settled by the then presiding judge, W. I. Grubb. The defendants, city of Florala and landowners, made numerous defenses, contending, among other things, that the bill of complaint ought to be dismissed for want of federal jurisdiction on various grounds; that the bonds and interest coupons were null and void; that all of the special assessment taxes levied for the payment of the bonds and interest coupons were null and void; that all of the liens were null and void; that the landowners were not proper parties defendant; and that there was a misjoinder of parties. Some of these issues will be considered in the following order:

■■■ (1) The federal jurisdiction is challenged. The interest coupons do not contain the recitals above referred to, but plain-ly the provisions of the bonds govern the coupons the same as if they were expressly written thereon. These bonds and coupons were made by a corporation, the city of Florala, they were made payable to "bearer," and are instruments which may be sued on in a federal court under the Acts of Congress, paragraph 1, § 41, chapter 2, title 28 of the Code of Laws of the United States (28 USCA § 41 (1). Scott County v. Advance-Rumley Co. (C. C. A.) 288 F. 739, see first and second headnotes, see pages 742 to 743.

The controversy is between citizens of different states, and the amount exceeds $3,000, exclusive of interest and costs. The face of the interest coupons sued on amount to more than $16,200. The amount of the past-due assessments levied to secure the payment of series D bonds amount to more than $53,000. The amount of the past due and unpaid assessments levied to secure the payment of series C bonds amount to more than $100,000. All of such assessments are sued on. The lots of land assessed and on which liens are given to secure the payment of the bonds are averred to be not less than $120,000 in value in the plaintiff's amendment No. 3 to the bill. The city of Florala in the recitals on the bonds made a sale and conveyance to the bondholder of all liens and assessments made by the city on the various lots of land. The assessments when levied belonged to the city of Florala under sections 2203, 2202, 2200, and 2199 of the Alabama Code of 1923, but, when the bonds were issued under sections 2227 and 2225 of the Alabama Code of 1923, these assessments were transferred and sold by the city to secure the payment of the bonds. This sale, transfer, and conveyance, made by the city to the bondholders of these liens and assessments, was as a unit or single transaction, and had the effect of the city tying together all of the assessments and liens and passing them over to the bondholders. Therefore the controversy is primarily one between the bondholders and the city, and only incidentally can there be any controversy between the bondholders and plaintiffs on one side and the various property owners on the other side. The defendants contend that a separate suit exists between the bondholders and each landowner, and that plaintiffs have tied the assessments together to make the amount large enough to give the court jurisdiction.

If the amount in controversy is to be determined by the value of the property in litigation, authorities will be found that show

that this value has been the test to fix the jurisdictional amount in controversy. Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77–90, 43 S. Ct. 480, 67 L. Ed. 871; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821.

A federal court has jurisdiction of an action to recover on coupons from municipal bonds aggregating in amount the jurisdictional amount, exclusive of interest, although a plea of limitations is sustained to some of the coupons sued on, which reduces the amount of recovery below that sum. Board of Com'rs of Kearny County, Kan., v. Vandriss, 115 F. 866, 53 C. C. A. 192, certiorari denied 187 U. S. 642, 23 S. Ct. 843, 47 L. Ed. 346.

In some cases the amount in controversy was the amount of the bonds that have been repudiated and are attempted to be made null and void, and in that class of cases the main controversy was, not the amount charged against each taxpayer, but the validity of the whole issue of the bonds, and federal jurisdiction was sustained. Brown v. Trousdale, 138 U. S. 389–397, 11 S. Ct. 308, 34 L. Ed. 987, loc. cit. 990.

In another case different owners of two promissory notes aggregating in jurisdictional amount were sued on to enforce the lien given to secure the payment of the notes, and the court held that it is enough if their interest collectively equals the jurisdictional amount. The notes were separate and distinct, but the security for the payment of both notes was common, single, and undivided. Troy Bank v. G. A. Whitehead & Co., 222 U. S. 39, 32 S. Ct. 9, 56 L. Ed. 81; Green County v. Quinlan, 211 U. S. 597, 29 S. Ct. 170, 53 L. Ed. 345; Beadles v. Smyser, 209 U. S. 393, 28 S. Ct. 522, 52 L. Ed. 849.

Another case where jurisdiction was sustained as to the amount in controversy was one where four promissory notes were secured by four different mortgages on separate pieces of real estate, but all of the notes and mortgages were made by the same person, the sum of each note was less than the jurisdictional amount, but the aggregate of the notes exceeded that sum. Fitchett v. Blows (Tex. 1896) 74 F. 47, 20 C. C. A. 286.

The court therefore holds that the amount of the interest coupons sued on was sufficient to confer jurisdiction, if the other amounts in controversy should for any reasons be found insufficient. The other amounts, however, in controversy above referred to are larger than the amount of the interest coupons sued on.

(2) The jurisdiction of this court in equity is also disputed. The city originally owned all of the liens and assessments levied on the various lots of land and sold, transferred, and conveyed them to the bondholders as security for the payment of the bonds. It is not disputed that the bonds and accompanying coupons are statutory liens under sections 2227 and 2200 of the Alabama Code of 1923. The levy of assessments, whether made under section 2196 or section 2199 of the Alabama Code of 1923, are liens on the lots of lands assessed superior to all other liens except those levied for state and county taxes.

Equity jurisdiction in this case is expressly conferred upon the state courts by sections 2223, 2227, and 2201 of the Alabama Code of 1923 and by the General Acts of the Alabama Legislature of the year 1927 at page 544. The equity jurisdiction of this court to enforce such liens is not only concurrent with the jurisdiction of the state court (Thompson v. Emmett Irrigation District [C. C. A.] 227 F. 560), but such equity jurisdiction to enforce liens in this case is also independent of the state statute. The equity jurisdiction of this court to enforce the liens sued on in this case have been frequently sustained. Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004; Farson v. City of Sioux City (C. C.) 106 F. 278 on page 279 (Liens); Thompson v. Emmett Irrigation District (C. C. A.) 227 F. 560; Burlington Bank v. City of Clinton (C. C.) 111 F. 439–445; Continental Trust Co. v. Shunk Plow Co. (C. C. A.) 263 F. 873, 875 (Liens).

(3) There is no misjoinder of parties because all of the landowners whose property was assessed have been made parties defendant in this case. While such landowners are neither necessary nor indispensable parties for the enforcement of the bonds in this case, they are proper parties, and may be brought in and made parties defendant to this suit for the more convenient administration of justice, as was done here under equity rules Nos. 26 and 37. Mather v. City and County of San Francisco (C. C. A.) 115 F. 37–45; Burlington Savings Bank v. City of Clinton (C. C.) 106 F. 269; Burlington v. City of Clinton (C. C.) 111 F. 439–446; Board of Commissioners of Pottawatomie County v. Municipal Securities Co. (C. C. A.) 1 F.(2d) 294–297.

At some stage of the proceedings the landowners must have their day in court,

and the case should not be dismissed because they were made parties defendant.

■ (4) The defendants are correct in their contention that the bonds and interest coupons are not the general obligations of the defendant city. They are governed in this particular by section 2227 of the Code of Alabama of 1923, under which they were issued, which states: " * * * The same [bonds] to be a lien or charge against the property improved and against the funds collected from the assessment levied against the property improved, but shall not be the general obligation of the city or town. * * * "

This same statement appears in the recital on the face of each bond, and the plaintiffs must be bound thereby. Section 2227, Code of Alabama 1923.

■ (5) Defendants further insist that the plaintiffs are not innocent purchasers for value of said bonds, that the bonds are not negotiable instruments, and that they, the defendants, are not estopped to set up any defense they might have as against the plaintiffs.

The court agrees with none of these propositions, and holds that the defendants are estopped because the plaintiffs are innocent purchasers for value and the bonds are negotiable instruments. The evidence shows that the plaintiffs acquired said bonds and coupons in 1925; that they paid therefor $146,301.39; that they purchased same from a bond dealer in the city of Austin, Tex., in the open market in the due course of business and without knowledge of any defects therein or defenses thereto. Further, that the city aided in the sale of the bonds in the most effective ways possible by employing its city clerk and allowing him extra compensation in the year 1925 for preparing certified transcripts of all the proceedings of the city and city council in the making of said improvements and issuance of the bonds. Further, that the city placed these transcripts in the hands of its special counsel in the city of Boston, Mass., for their examination and legal opinion as to whether said assessments, bonds, and improvements were lawfully made and issued as shown by the transcript. Further, that the attorneys rendered an opinion to the city to the effect that the bonds were duly authorized by law, and that the proceedings of the city showed the bonds to be a lien against the property improved and funds collected from the assessments levied against the property, and that thereafter the city used this

transcript and approving opinion in the sale of the bonds, and delivered them with the bonds when sold; that all of these were delivered to the plaintiff and were examined by the plaintiff, who examined them, and, finding said transcripts and opinion to be regular, thereupon took up and paid for the bonds. The transcripts and accompanying legal opinion were received in evidence, and, from an examination of them, the court concludes that the improvement and bonds are lawful and regular in every particular. Further, the facts as above set out prove the plaintiff to be an innocent purchaser for value.

Section 2225 the Alabama Code of 1923 states: " * * * Said bonds shall be negotiable and payable to bearer. * * * " The defendant city issued the bonds under section 2227, Alabama Code of 1923, which is governed by section 2225, supra. As negotiable instruments the bonds and coupons are entitled to the protection of the Negotiable Instruments Law.

It is not disputed that the projects for which these bonds were sold were fully completed according to contract, and were duly received and accepted by the defendant city before the bonds were issued. The city and landowners did receive the benefits contemplated by the bond issue, the defendant landowners did not object by injunction or otherwise to the sale of the bonds and liens and the improvements which resulted to their various properties, nor have they offered to return the consideration paid for the bonds by the plaintiff.

The city and the landowners, retaining the benefits as they do, are estopped to set up any defenses which they might have had. Town of Brewton v. Spira, 106 Ala. 229, pages 234, 235, and 236, 17 So. 606; County of Presidio v. Noel-Young Bond Co., 212 U. S. 58–76, 29 S. Ct. 237, 53 L. Ed. 402–410; City of Evansville v. Dennett, 161 U. S. 434, 446, 16 S. Ct. 613, 40 L. Ed. 760; Gulf R. R. v. Ducksworth, Sheriff, etc. (C. C. A.) 286 F. 645 at page 648.

■ The defendants contend that the assessments were illegal and void, for the reason no quorum of the city council was present at the meeting of the council when the levy was made. The proper records of the city required to be kept by law and kept by the city show that a quorum was present at the meeting, and parol evidence offered seven years after the records were made to vary or contradict such records was inadmissible and properly excluded. Penton v. Brown-

Crummer Investment Co., 222 Ala. 161–163, 131 So. 14, 19.

Aggrieved landowners had their remedy by appealing from the action of the city council in levying the assessments as provided in section 2204 of the Code of Alabama as follows: "Any person aggrieved by the decision of the council in making any assessment may, within twenty days thereafter, appeal to the circuit court, or any other court of like jurisdiction, upon executing a bond in double the amount of the probable cost of the appeal."

The failure of the landowners to appeal from the action of the council in making the assessments in the manner provided by law amounts to a waiver of all objections, and all such defenses are now mere collateral attacks against the adjudication already made by the municipal authority, and cannot be made here. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Grant v. City of Birmingham, 210 Ala. 239, page 241, 97 So. 731 at page 732, and cases there cited; Duval Cattle Co. v. Hemphill, Receiver (C. C. A. Fla.) 41 F.(2d) 433, 438.

(7) The defendants offered in evidence two ordinances of the city of Florala passed on November 12, 1930, and December 2, 1930, each of which sought to repeal the assessment ordinances of the city made in 1924 and 1925 by changing the city records so as to show that no quorum was present when the assessment ordinances were passed. These offers were objected to by the plaintiffs, and the objection sustained. Such evidence was properly excluded.

A city cannot be permitted to take advantage of its own wrong. A municipality must be held to the same standard of right and justice which applies to an individual, and such defense now comes too late, because the city is estopped by its action to deny the validity of the assessment ordinances.

The proceedings and resolutions of the city council adopted November 12 and December 2, 1930, and offered in evidence, are nothing more than collateral attacks against the bonds, and, whether made by written documents or oral evidence, are now prohibited by law in cases of this kind. Penton v. Brown-Crummer Investment Company, 222 Ala. 161, 131 So. 14, 19; City of Evansville v. Dennett, 161 U. S. 434–446, 16 S. Ct. 613, 40 L. Ed. 760; Tulare Irrigation District v. Shepard, 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773.

Another ground for refusing to admit such evidence is that they were attempts to impair the obligations of contracts already made as prohibited by section 95 of the Constitution of Alabama, and section 10, article 1 of the Constitution of the United States. In so far as the Ordinances of November 12 and December 2, 1930, purporting to repeal the Ordinances of 1924 and 1925 under which the assessments were made, may be any cloud or hindrance to plaintiffs' right to recover here, the same are declared void.

(8) The defendants' motions to dismiss and abate the case on account of the death, since this suit was filed, of R. J. Perry, mayor of the city of Florala, are denied. It appears that H. B. White has become his successor in office, and is now acting as such mayor, and is also present in open court. It further appears that Mr. Perry was not the owner of any of the land assessed, but was merely the individual who was sued in his official capacity as mayor, and was the proper officer of the corporation to appear and accept service and defend on behalf of the city. The mayor under the law owes no duties to the plaintiff such as collecting, receiving, and disbursing such taxes and assessment, but all such duties are to be performed by the city clerk under section 2217, Alabama Code of 1923. It is therefore the duty of this court to decide whether this is a proper case under Equity Rule 45 (28 USCA § 723), and I do not find that section 780, chapter 18 of title 28 of the United States Code (28 USCA § 780), is mandatory upon the court, but it is permissive only. I find no rule or statute that overturns the law governing this subject, and I am of the opinion that the suit ought not to be abated, as the death of Mayor Perry and substitution of H. B. White is immaterial. Thompson v. U. S., 103 U. S. 480, 26 L. Ed. 521; Commissioners v. Sellew, 99 U. S. 624–625, 25 L. Ed. 333.

The defendants in like manner contended that the suit ought to abate on account of the death of some five or six of the landowners during this litigation. As between the plaintiffs and the landowners, this proceeding is to some extent a mere proceeding in rem. The plaintiffs are not entitled to recover any personal judgment of any kind against the landowners. As to them, if their lands are of insufficient value to realize the assessments and costs, plaintiffs can recover nothing further, and can recover nothing but the assessments and liens on their lands to the extent that the assessments and inter-

est thereon are unpaid. All the parties now dead have appeared and made answer either in person or by counsel, and in such cases the jurisdiction of the court over the res cannot be questioned. Moreover, said landowners are not necessary parties, and their rights can be protected in this case without being made defendants to the suit. They are proper parties for the convenient administration of justice under equity rules 26 and 37 (28 USCA § 723), and it appears to the court that it may order separate trials as to the property of these defendants who are dead, and the suit as to each of them may be revived and continued, and the action proceed at the suit of their successors, executors, administrators, or personal representatives, and that such representatives may defend such suits under the statutes provided for the purpose. See section 778, chapter 18, title 28, and section 779 of the United States Code (28 USCA §§ 778, 779). It appears that there are in this case about 250 landowners who are defendants, and, if the death of one or any of them has the effect of abating the suit as to all of them and as to the city of Florala, it will be difficult, if not impossible, to ever reach a final hearing in a case of this kind.

■ (9) The defendants further complain of the rejection by the court of the records of the city showing that an ordinance was passed on January 9, 1925, which provided that the city assume one-fourth or 25 per cent. of all the assessments levied by the city to pay the cost of one of the projects for which these bonds were issued. This ordinance was passed subsequent to the filing of a petition by the property owners whose lands were assessed to pay the bonds. Such evidence was properly excluded.

■ The defendants contend that the agreement between the city and the landowners as evidenced by the ordinance was valid and binding on the city under section 2180, Alabama Code of 1923. Plaintiffs contend that the agreement, if valid, was an extra security given them by the city for the payment of the bonds. Section 2180 of the Alabama Code 1923. Plaintiffs contend that the agreement, if valid, was an extra security given them by the city for the payment of the bonds. Section 2180 of the Alabama Code 1923 is as follows: "The council may pay out of the general funds of the city or town, or any special fund that may be provided for the purpose, such portion of the cost of the proposed improvement as they see proper. The cost of any improvement contemplated by this article shall include the expense of the preliminary and other surveys, and the inspection and superintendence of such work, printing and publishing the notices, resolutions, and ordinances required, including notice of assessment, the cost of construction, preparing bonds, interest on bonds when the bonds have been issued in anticipation of the collection of the assessment, and any other expense necessary for the completion of such improvement. The council may require advertisements for different characters of pavements, and the final selection by the council of pavement or the kind and character thereof, shall, in that event, be postponed until the bids shall have been received."

This statute enumerates certain purposes for which the city may expend general funds or special funds of the city, but it makes no provision for the repayment to the landowner of any part of the assessments. Examination of the statute shows that this was not contemplated as one of its objects. The agreement purported to be made by the ordinance is invalid, and can be available to none of the parties to this cause.

The plaintiffs are entitled to relief. Let a decree be entered in accordance with the foregoing opinion.